N. S. PECK *v.* STEPHENSON'S LESSEE.

EJECTMENT.—LAND LAW.—*Mistake in Surveyor's Map.*

A mistake in the general map of a land district lodged in the Entry Taker's office, will not vitiate a grant correctly made from the original books of survey.

Ejectment by Stephenson's Lessee in the Circuit Court of Monroe County. Judgment below for the plaintiff, and appeal in error to this Court by the defendant, Peck.

TURLEY, J., delivered the opinion of the Court:

The lessor of the plaintiff in ejectment claims title to the premises in dispute by virtue of a grant from the State of Tennessee, issued in due form on the 27th of July, 1840, by virtue of an entry made

in the entry-taker's office in the Ococe District in the name of Andrew Stephenson, on the 5th day of February, 1840. The land is described in the entry and grant as lying in the County of Monroe, Ococe District, East of the basis line, as the ground of said District was actually surveyed and marked by the surveyor, and according to the field notes of the said survey returned to the principal surveyor. But the principal surveyor in making out a map or general plan of the District for the entry taker's office, overlooked a small fraction of land north of said fractional township, and surveyed and marked by the surveyor as fractional township number one, and by such mistake numbered the said fractional township in which the land sued for lies, upon said map or general plan as number one, causing thereby a discrepancy between the calls of the grant and the general plan, in this, that the grant calls for land in the second district and the general plan shows it to be in the first. There is a conformity in all the other calls, and there is no dispute whatever as to the actual locality of the land. Stephenson, lessor of the plaintiff, was living on it at the time of his entry, and made his location according to the marks of actual survey as they appeared upon the ground.

It is now contended that this discrepancy between the grant and the general plan in the entry taker's office vitiates the grant, and that in consequence thereof the lessor of the plaintiff in ejectment must lose his land.

We do not think so. It would be the grossest injustice to hold so. The survey of the land was correctly made as required by the statutes organizing the District; the lines are properly marked and numbered

on the ground, and the fractional township in which the lessor's land lies is marked as second. Correct notes of the survey are returned to the principal surveyor, who commits an error in making out his map, and numbers the township as number one instead of number two. This is an error on paper only. It does not in the least affect the locality of the land; and upon what principle shall it be held that this paper mistake of the surveyor shall destroy the title of the enterer who has made his entry according to the truth, and obtained his grant according to the truth? There is nothing in the statute .organizing the Ococe District which requires it. The statute specifies the mode in which the survey of the District shall be made, and it was so made. The statute also requires that a connected plat of the whole district shall be made from such survey, and that the field books shall be returned to be kept and preserved by the surveyor general. This plat was also made, but not in accordance with the field books. This, as we have said, was the mistake of the surveyor, and it shall not prejudice the enterer, who was in no default. This is at best only a mistake in a general descriptive call, which shall not control and defeat the grant. (1)

*Judgment affirmed.*

(1) Errors in plats, certificates, grants, and the registry of grants and variations between a survey and calls of the location—corrected, how, Act of 1809, ch. 101, secs. 1-9. Bishop v. Arnold, Peck, 366,367; Colton v. Greenlee, Cooke 1-11; Overton v. Lackey & Campbell, Cooke, 193, 197; Miller's Lessee v. Holt, 1 Tenn. 49-55, 111-117; Malseley v. Kensinger, 2 Yerg. 72-3.