## HARDY *versus* SPROULE.

If one part owner of a vessel, in the port where all the owners reside, repair the vessel, or pay out money to purchase materials for making repairs, or for labor upon it, without the consent of the other part owner, he cannot maintain an action against such other part owner, for his share of the expenditure.

ASSUMPSIT to recover three-eighths of certain expenditures made by the plaintiff for repair of the schooner Tamerlane of Frankfort. The plaintiff was owner of five-eighths of said schooner, and the defendant was owner of three-eighths. The action was tried before TENNEY, J. It appeared *that* certain repairs were made upon the schooner in the latter part of Dec. 1846, and early part of January, 1847, at Frankfort; *that* the workmen were employed by plaintiff, and *that* said repairs were necessary.

The Judge, among other things, instructed the jury *that*, "with regard to the necessary repairs of a vessel, one part owner may, by ordering them on credit, render his companions liable to be sued for the price of them, unless their liability be· expressly provided against; *that* generally the law holds all the part owners liable for repairs, notwithstanding they were ordered by the ship's husband, or the owner having charge of the vessel at the time, but an exception arises where the credit is given exclusively to some other person than the owners generally; *that* if, however, a part owner is unwilling that repairs should be made at his expense, and he causes notice of that unwillingness, to be given to the one who proposes to make the repairs, or if that unwillingness became known to the latter, he is not liable to the one causing

or making them, for any expense subsequently made ; *that* the jury would judge, from all the evidence in the case, whether or not it was proved to their satisfaction, or whether they could or not infer that the unwillingness of the defendant, (if he were unwilling,) was made known to the plaintiff, and if so at what time. If it were *before* repairs were made or expenses incurred therefor, the plaintiff could not recover; if *after*, he could recover for only such as were made prior to his knowledge of defendant's unwillingness; *that* a liability, incurred for repairs, though not actually put upon the vessel, before such knowledge, would make the defendant liable in the same manner as though put upon the vessel, if they were afterwards put upon her.

The jury found a verdict for the plaintiff, and exceptions were filed.

*Ruggles* and *Dickerson*, for defendant.

*Abbott* and *Hubbard*, for plaintiff.

WELLS, J. — This is an action to recover three eighths of certain alleged expenditures for repair of the schooner Tamerlane, made by the plaintiff as owner of five eighths.

One part owner of a vessel, merely as such, is not liable to another part owner, for repairs made by him, at the home port, unless they are made with the knowledge and consent of the one sought to be charged. Vessels, in this respect, are viewed in the same light as other chattels owned in common. *Benson* v. *Thompson*, 27 Maine, 470.

The jury were in substance instructed, that the defendant would be liable to the claim of the plaintiff, unless he had expressed or manifested his dissent or unwillingness to the making of the repairs, before they were made, or before expenditures were incurred.

But before the plaintiff could recover he should be held to prove a consent, on the part of the defendant, that the repairs and expenditures should be made.

And this rule must apply not only to labor performed by him, but to money paid by him, to purchase materials for making the repairs, and for the labor.

If the plaintiff, without the knowledge and consent of the defendant, purchased materials for the repairs, upon the credit of both, and subsequently paid for them himself, he would have no better right of action than if he had purchased them on his own credit, or paid for them without credit. He cannot be allowed to do indirectly what he has no right to do directly.

There is not here presented for consideration, such a case as is referred to in Abbott on Ship. 77, where one part owner orders repairs or necessaries for the employment of the ship, on the credit of all, and they are furnished by third persons, without any dissent of a part owner, made known to them, and an action is brought for the price, by such third persons against all the owners.

The plaintiff's case depends on different principles.

*The exceptions are sustained,*
*and a new trial granted.*

NOTE.— HOWARD, J. took no part in this decision.