# Richmond.

## WIMBISH v. BREEDEN.

March 29th, 1883.

1. JUDGMENT— *Conclusiveness.*— The doctrine that the unreversed judgment of a court of competent jurisdiction is conclusive, and cannot be collaterally attacked, is well established by the decisions of this court. See *Woodhouse* v. *Fillbates, &c., supra,* page 317.

2. JURISDICTION—*County courts—Ferries.*—Code 1873, chapter sixty-four, confers on the county courts jurisdiction to establish ferries. When in particular case such jurisdiction is acquired, the failure of the court in the progress of the case to comply with the statute in details, may be error reviewable on appeal, but is no ground to attack the judgment collaterally.

3. IDEM—*Applicant—Land owner.*—Section twelve of that chapter requires the person desiring to establish a ferry, " to own or to have contracted for the use of land at the point at which he wishes to establish the same." Where the lessee of such land, the owner of the equity of redemption therein, and trustees holding the legal title unite in the application, that statute is complied with.

Error to judgment of circuit court of Mecklenburg county, rendered May 29th, 1882, affirming judgment of the county court of said county, rendered 20th December, 1881, dismissing with costs the application of Mrs. Lucy T. Wimbish, by her next friend, to establish a ferry across Roanoke river. The dismissal was based on the fact, that the ferry applied for was within the prohibited distance of "Haskins's ferry." But the applicant contended that the latter ferry had not been legally

established. To that judgment Mrs. Wimbish obtained a writ of error and *supersedeas.* Opinion states the facts.

*F. S. Blair,* and *R. T. Thorp,* for the appellant.

*Jos. Christian,* and *W. E. Homes,* for the appellees.

Lewis, P., delivered the opinion of the court.

The plaintiff in error applied to the county court of Mecklenburg, at its December term, 1881, for leave to establish a ferry across Roanoke river. The application was opposed by the defendant in error, on the ground that the place at which the ferry was proposed was within a half mile of a legally established ferry. The plaintiff in error insisted that the ferry referred to had not been legally established; but the county court held otherwise, and dismissed the application. On appeal of right to the circuit court of that county, the judgment of the county court was affirmed; and thereupon, by a writ of error to the judgment of the circuit court, the case was brought to this court.

It appears that as early as the year 1792 the ferry in question was established by an act of the legislature, but that about the year 1858 it was discontinued and ceased to exist. At the April term, 1866, of the county court of Mecklenburg, upon a petition of citizens numerously signed, an order was entered reëstablishing it; since which time it has been in operation. From that order no appeal has ever been taken. But the plaintiff in error insists that it is *void* for three reasons: 1. Because, when it was made, there was no applicant before the court who owned or had contracted for the use of the land at the point at which the ferry was proposed to be established. 2. Because the court, not having conformed to the requirements of the statute in such case made and provided, was without jurisdiction to make the order; and, 3. Because of its vagueness and uncertainty.

Jurisdiction to establish ferries in Virginia is conferred by

statute on the county courts. Sections twelve and thirteen, chapter sixty-four of the Code of 1873, provide as follows :

Section 12. "A person desiring to establish a ferry across any water course, whether it be a stream bounding the state or not, who owns, or has contracted for the use of, land at the point at which he wishes to establish the same, may, after publishing notice of his intention at the front door of the courthouse, on the first day of each of the two next preceding terms, apply to the court of the county, or one of the counties, in which he desires to establish such ferry, for leave to establish the same."

Section 13. "If the place at which the ferry is proposed be a half mile or more in a direct line from any ferry legally established, the application shall be referred to the commissioners of roads for the county, or to three or more viewers, to be appointed by the court, and the said viewers or commissioners shall view the place, and upon oath, report their opinion whether or no public convenience will result from the proposed ferry, with their reasons for such opinion."

1. The application to establish the ferry in question was united in by the lessee of the land upon which the ferry landings are located, the owner of the equity of redemption therein, and certain trustees to whom the legal title to the land had been conveyed. There is no doubt, therefore, that the application was made by persons who, under the statute, were competent to apply for the establishment of the ferry, and that the first assignment of error is not well taken.

2. Prior to the application being made, notice was duly given and published at the front door of the courthouse, as required by the statute. The county court thereby acquired jurisdiction to hear and determine the application. If, afterwards in the progress of the case, it failed to comply with the requirement of the statute in respect to referring the application to viewers, or to the county commissioners of roads, for examination and report, such failure was error reviewable on appeal, but no ground for assailing collaterally the judgment of the court.

The doctrine relating to the conclusiveness of an unreversed judgment of a court of competent jurisdiction is too well established by the repeated decisions of this court to require any discussion in this case. We have had occasion to apply it at the present term in the case of *Woodhouse* v. *Fillbates and others, supra,* p. 317, in which Judge Hinton, delivering the opinion of the court, fully and clearly stated the rule, and the policy upon which it is founded, and referred to the authorities in support of it. It is only necessary to add, that the rule applies with equal force in respect to a judgment where the jurisdiction exercised is purely statutory, as in this case. This was decided in *Pennybacker* v. *Switzer,* 75 Va. 686, and is in accord with the uniform ruling of the supreme court of the United States in similar cases.

3. The same rule applies to the objection as to the form of the order of the county court. We think it is sufficiently full and certain. But if not, it was erroneous merely, and not void, and in this collateral proceeding must be held to be valid.

It is needless to say more. The judgment of the circuit court is plainly right, and must be affirmed.

JUDGMENT AFFIRMED.