# Richmond

## House v. Universal Crusher Corporation.

### November 20, 1913.

### Absent, Whittle, J.

1. Process—*Return—Judicial Notice.*—Process to commence a suit is part of the record for the purpose of amendment, and the court will look to the return thereon, when necessary, not only to show the date of the return, but also the date of the execution of the writ.

2. Rules—*Failure to File Declaration—Dismissal.*—The power of the clerk to dismiss an action at rules for failure to file a declaration, under section 3241 of the Code, only arises when the process is returned executed as to one or more of the defendants.

3. Process—*Time of Service—Return—Judicial Notice.*—Where process returnable to November rules, which begin November 4, is returned executed October 23, it sufficiently appears from the return that full ten days elapsed between the service of the process and the return day thereof. The time for the commencement of the terms of the several courts is fixed by general law, of which the court takes judicial notice.

4. Rules—*Failure to File Declaration—Dismissal—Case at Bar.*— Where process to commence a suit is returned executed at first November rules (being November 4), the clerk has no power to dismiss the suit for want of a declaration at the first December rules following, where, under the provisions of section 3236, the latter rules fall on November 25, as one month has not elapsed since the process was returned executed.

Error to a judgment of the Circuit Court of Russell county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*S. B. Quillen* and *W. A. Ayers,* for the plaintiff in error.

*Burns & Kelley,* for the defendant in error.

Keith, P., delivered the opinion of the court.

Plaintiff in error instituted, in the circuit court of Russell county, an action of trespass on the case against the Universal Crusher Company. Process was issued, returnable to the first November rules, 1912, and the clerk made the following entry upon his rule book:

"1912. 1st November rules. Process executed and continued for declaration. 1912. 2nd November rules. Continued for declaration. 1912. 1st December rules. Dismissed for want of declaration."

At the ensuing term of the circuit court the plaintiff in error moved the court to be permitted to file his declaration, to which the defendant objected; whereupon, the court rejected the motion and refused to permit the declaration to be filed, and the suit stood dismissed; and thereupon a writ of error was awarded by one of the judges of this court.

The petition insists that the return of the process "executed" is not sufficient, but is wholly void under section 3227 of the Code.

We do not deem it necessary to pass upon the question thus raised, for its decision is immaterial to the proper disposition of this case. Process to commence a suit is part of the record for the purpose of amendment, and the court will look to the return thereon when necessary, not only to show the date of the return, but also the date of the execution of the writ. *Sands* v. *Stagg,* 105 Va. 444.

Section 3241 of the Code provides that "if one month elapse after the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed, although none of the defendants have appeared."

In this case the writ was returnable on Monday, November 4th, which was the first rule day. The service of process was then noted and the case was continued for a declaration. At second November rules it was again continued for a declaration, and at the December rules it was dismissed.

Now section 3236 of the Code provides that rules shall be held on the first and third Mondays in every month and shall continue for three days, but that where the term of a circuit court or the chancery court of the city of Richmond, or of a corporation court designated for the trial of civil cases in which juries are required, happens to commence on the first or third Monday in a month, or on either of the two following days, the rules which would otherwise have been held on the first or third Monday, as the case may be, shall be held on the Monday of the preceding week.

The time for the commencement of the terms of the several courts is fixed by general law of which the court takes judicial notice. The December term of the circuit court of Russell county commences, according to law, on the Tuesday after the first Monday, so that the December rules were thrown back to the last Monday in November, which occurred on the 25th The process having been returned on Monday, November 4th, and December rules occurring on Monday, November 25th, and the clerk having entered, as appears by the record, the dismissal of the case for want of declaration at first December rules, one month had not elapsed after the process was returned executed, and it follows that the case should have been restored to

the docket and plaintiff in error permitted to file his declaration.

We are of opinion that the judgment must be reversed and the case remanded for further proceedings to be had not in conflict with this opinion.

*Reversed.*