## Staunton.

## KAIN v. ASHWORTH.

September 11, 1916.

1. NOTICE OF MOTION FOR JUDGMENT—*Where Served—Code, Sections 3211 and 3220.*—Notice of a motion for a judgment for money under section 3211 of the Code as amended by Acts 1914, p. 28, may be sent to and served in any county or city of the State, although the only ground of jurisdiction of the court in which the motion is to be made is that a part of the cause of action arose there. The restrictive provision of section 3220 of the Code applies only to process in technical actions at law, not to notices.

2. STATUTES—*Construction—Unambiguous Language.*—The intention of the legislature in the enactment of a statute is to be gathered from the words used in the statute, unless a literal interpretation would lead to a manifest absurdity, and when the words of a statute are plain and unambiguous, the courts cannot speculate as to what the legislature might reasonably have been expected to enact, but must accept and apply the plain meaning of the words which have been employed. Where the meaning of the words used is plain, interpretation is not allowable.

Error to a judgment of the Circuit Court of Washington county in a proceeding by motion for a judgment for money. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Jackson & Henson* and *J. J. Stuart*, for the plaintiff in error.

*White, Penn, Hutton & Penn*, for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is a proceeding by motion under section 3211 of the Code, as amended by the act of February 27, 1914, brought in the Circuit Court of Washington county by J. S. Ashworth against T. J. Kain to recover money alleged to be due upon an account. There was a verdict for the plaintiff, and thereupon the court rendered the judgment to which this writ of error was awarded.

A part of the cause of action arose in Washington county. The defendant Kain was a resident of the city of Roanoke and was served there with a copy of the notice. Before pleading to the merits, counsel for the defendant entered a special appearance and moved the court to quash the service and return thereof endorsed on the notice and to dismiss the proceeding, for the reason that the defendant was not sued with any person residing in the county of Washington and that the notice was issued against him alone and served upon him outside of the county. The court overruled this motion and its action in doing so is the basis of the sole assignment of error.

Section 3211, as amended by the act of 1914, so far as pertinent here, reads as follows: "Any person entitled to recover money, damages or a penalty in an action at law, may on motion before any court which would have jurisdiction of such action, obtain judgment for such money damages or penalty after fifteen days notice," etc. (Acts 1914, p. 28.)

Since a part of the cause of action arose in Washington county, the circuit court of that county is expressly given jurisdiction by section 3215, which provides that "an action may be brought in any county or corporation wherein the cause of action or any part

thereof arose, although none of the defendants reside therein."

It is too plain to admit of argument that under the terms of the provisions above quoted, the jurisdiction of the Circuit Court of Washington county, regardless of Kain's residence in Roanoke, was open to Ashworth for either a motion or an action. The proceeding, in either case, would have been instituted in a court having jurisdiction of the cause. The power of the court to try the cause would depend, of course, as in every case, upon notice to or process on the defendant. Neither section 3211, as amended in 1914, nor section 3215, places any restrictions upon, or undertakes in any way to prescribe, the method of serving notice or process. If, therefore, Ashworth had brought an action at law in Washington county, as was fully warranted by section 3215, he would have been restricted by the effect of section 3220 (the process section for technical actions at law) to a service of process on Kain in the county of Washington. But having proceeded by motion, he followed, naturally and properly, the provisions of section 3207, which is the section providing for serving notices and which clearly authorizes the service to be made anywhere within the State. And the fact that in the former instance a timely objection to the process would have, for the time being, obstructed (not necessarily defeated) the action, while in the latter instance it did not have that effect, is not due to lack of jurisdiction in the court, but to a restriction upon service of process under section 3220 which is not imposed upon service of notice under 3207.

The meaning and effect of the foregoing provisions seem to us perfectly plain, and to leave no room for

resort to technical rules of construction as to the intent of the legislature.

It is urged upon us that the purpose of the amendment of section 3211 by the act of 1914, was merely to make motions and actions co-extensive in their practical use, and we have been cited to a number of authorities bearing upon the perfectly well settled rule that, in construing statutes, the purpose and intent of the lawmakers must be carried out. It may be conceded that the effect sought to be ascribed to the amendment is in accordance with what the legislature would have been expected to have in contemplation. But a primary and fundamental rule, which we think controls this case, is that when the words of an enactment are plain and unambiguous the courts cannot speculate as to what the legislature might reasonably have been expected to enact, but must accept and apply the plain meaning of the words which have been employed.

"All rules are, therefore, subservient to the legislative intent; and when this is clear from the language used, rules of interpretation give way—the maxim being that it is not allowable to interpret that which has no need of interpretation. Furthermore, this intention is to be gathered from the *words used,* unless a literal interpretation would lead to a manifest absurdity." Lile's Notes on Statutes, p. 24, and authorities cited.

The mere fact that a statute leads to results for which no good reasons can be assigned is not sufficient to justify the court in rejecting the plain meaning of unambiguous words. The absurdity which will justify a departure from such meaning can only be predicated of an intent and a consequent conclusion which could not be attributed to men in their right senses.

*State* v. *Hayes*, 81 Mo. 574, 585; *Potter* v. *Douglas Co.,* 87 Mo. 239.

It will not be contended that it was not perfectly competent for the legislature so to provide that as that notice of any or all motions under section 3211 might be sent to any county in the State, regardless of where the proceeding should be started, just as had already been done as to process in actions of *tort* and certain other cases. The courts cannot, where the language is clear, add to a statute cases not embraced therein, or take from it cases which are so embraced, merely because no good reason can be assigned why they should be omitted in the one instance, or included in the other. See. *Floyd* v. *Harding*, 28 Gratt. (69 Va.) 401, 405; *Denn* v. *Reid*, (U. S.), 10 Peters 526, 9 L. Ed. 519; 26 Am. & Eng. Ency. L. (2nd ed.) 661; 36 Cyc. 1113; Black on Interp. Laws, sec. 31, pp. 57-8.

The only way by which this court could sustain the contention of the defendant would be to engraft upon section 3207, or 3211, or 3215, or 3220, a judicial amendment. This is not within our province, but is within the province of the General Assembly, and that body in 1916 made the amendment, selecting section 3211 for the purpose and writing into it the proviso which we cannot read into it and which is "that when the notice of motion is brought under section 3215 of the Code of Virginia, the same shall not be served in any other county or corporation except in such cases as are specified in section 3220 of the Code." With this amendment it is plain that in cases like the one in hand the notice cannot be served out of the county. Without this amendment it seems equally clear that the notice could be served anywhere in the State. With or without the amendment, the Circuit Court of Washington county would have jurisdiction

of the case, but could only try it after the notice had been served according to law.

For the reasons stated, we are of opinion that the judgment of the lower court must be affirmed.

Courts cannot be controlled in their decisions by hardships that may result in individual cases from the enforcement of the law as it is written, but it is always gratifying to feel that litigants have in fact suffered no hardship. In the present case, after the objection to the service of notice was overruled, the defendant appeared generally, filed several pleas in bar, and successfully defended the motion as to more than one-half of the sum sued for; and he does not here complain of any alleged error of the court except the one which we have discussed.

*Affirmed.*