# Staunton.

## Grant D. Wood, et al. v. I. P. Kane, et al.

### September 17, 1925.

1. JUDGMENTS AND DECREES—*Validity of Judgments—Collateral Attack.*— Where a judgment is void on its face it may be declared void by a court of competent jurisdiction, either in a proceeding directly attacking its validity or in a collateral proceeding. If the judgment is not void on its face, it can only be attacked by a direct proceeding and not collaterally.

2. JUDGMENTS AND DECREES—*Collateral Proceeding—Creditors' Suit.*— In a creditors' suit to subject the lands of a husband and his deceased wife to the payment of judgments, upon the coming in of the report of sale of the lands, the appellants excepted to the same, and by permission of court filed a formal answer, attacking the validity of one of the judgments in question on the ground that the process or copy of the notice of motion against the sheriff as administrator of the estate of the deceased wife was served by a deputy sheriff upon the sheriff.

   *Held:* That the issue raised by this answer was a collateral proceeding, and that the judgment could not be attacked in such proceeding unless it was void upon its face.

3. EXECUTORS AND ADMINISTRATORS—*Sheriff as Administrator—Service of Process—Process and Notice Distinguished.*—Section 2817 of the Code of 1919, providing that when for any cause it is unfit for a sheriff or sergeant to serve any process, such process may be directed to and served by a coroner of the county or city, does not apply to the service of a notice of motion for judgment by a sheriff's deputy on a sheriff as administrator. Even if it be conceded that the sheriff and the administrator are one and the same, this section applies only to the service of process. A process emanates from a court, and under the provisions of section 6055 of the Code of 1919 is usually directed to the sheriff of the county, while a notice which takes the place of the writ and declaration is directed to the defendants named therein and has its emanation in the act of the plaintiff in sending it forth, and may be served by a layman.

4. JUDGMENTS AND DECREES—*Presumption in Favor of Validity—Case at Bar.*—When a judgment is entered by a court of competent jurisdiction, every presumption of law is in favor of its validity. In the

instant case, a creditors' suit to enforce a judgment, it was stated that the judgment was entered by default, and there was filed as an exhibit what purported to be the record in the law case. The order directing judgment and the judgment itself, however, were omitted from this exhibit.

*Held:* That in this state of the record the presumption was in favor of regularity and a general appearance.

5. SERVICE OF PROCESS—*Sheriff as Administrator—Service on Sheriff by Deputy.*—It would seem to be the universal custom in Virginia, where the estate of a decedent has been committed to the sheriff, and the sheriff, as such administrator, is made a defendant in an action at law, for process in the case to be served on the sheriff by his deputy. Such service of process is in effect an acknowledgment by the sheriff of service.

6. SHERIFFS AND CONSTABLES—*Sheriff as Administrator—Service of Process on Sheriff.*—Where the estate of a decedent has been committed to the sheriff as administrator, the sheriff is not an "unfit person" to serve the process in suits or actions against the estate in the sense that he is personally interested in the litigation. It is his legal duty to see that the estate is properly protected, provided the estate is solvent, but he is not required to expend his own money in order to do this, for the reason that he has no personal interest in the outcome of the litigation.

7. EXECUTORS AND ADMINISTRATORS—*Sheriff as Administrator—Service of Process on Sheriff by Deputy—Objection by Beneficiaries of the Estate—Case at Bar.*—In the instant case, a creditors' suit to subject the lands of a husband and his deceased wife to the payment of judgments, one of the judgments was obtained by service of notice of motion for judgment on the sheriff as administrator by the sheriff's deputy.

*Held:* That as the administrator could not complain of the service of notice, it followed, as a matter of course, that the children of the deceased wife could not complain. They were not parties to the action, nor could they have been made parties. If the administrator has been derelict in the performance of his duty, the remedy of the distributees is against him on his bond.

8. NOTICE OF MOTION FOR JUDGMENT—*Return to the Clerk's Office Within Five Days—Section 6046 of the Code of 1919—Case at Bar.*—In the instant case the judgment was attacked on the ground that the record did not show that the notice of motion for judgment was returned to the clerk's office within five days after service, as required by section 6046 of the Code of 1919. The record did show that the notice was executed on the 16th day of February, 1921, on each of the defendants named therein. At the time the judgment was obtained section 6046 did not provide that the notice, when returned to the clerk's office, "should be forthwith filed and the date noted

thereon," as is provided in the Acts of 1922, p. 763. If the question had been raised at the calling of the case for trial, it would have been competent to prove the date of the return by witnesses. Inasmuch as the question was not raised, the presumption is that everything done relative to the rendition of the judgment was done legally, and it will be assumed that the notice was returned within five days after service.

9. CREDITORS' SUITS—*Sheriff as Administrator—Service of Process on Sheriff as Administrator by Deputy.*—The refusal of the court, in a creditors' suit, to quash the process because it was served by the deputy of the sheriff on the sheriff as administrator, and on the other parties defendant was not erroneous, where the infant defendants appeared by guardian *ad litem* and not only answered the bill of complaint, but upon their petition the case was reopened, heard, and decided upon the merits.

10. CREDITORS' SUITS—*Executors and Administrators—Administrator as Party in Action to Subject Lands of His Decedent.*—In a creditors' suit to subject the lands of a decedent and her husband to the payment of judgments, decedent's administrator, though properly a nominal party, was not a necessary party to the litigation, there being no funds in the hands of the administrator belonging to the decedent's estate, and he, as administrator, having no interest in, or control over, the real estate of his decedent.

11. CREDITORS' SUITS—*Judicial Sales—Report of Commissioner Held Sufficiently Clear.*—In the instant case, a creditors' suit to subject lands of a decedent to the payment of judgments, the court did not err in overruling the exceptions to the commissioner's report, where the report was sufficiently clear to show that the judgment was a lien on the real estate sought to be subjected, and that there was no personal estate out of which the debt could be made.

Appeal from a decree of the Circuit Court of Scott county. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Will H. Nickels* and *S. H. Bond,* for the appellants.

*S. W. Coleman,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This is a creditors' suit to subject the lands of Grant D. Wood and his deceased wife, Mattie M. Wood, to the payment of the judgments asserted in this cause.

Wood and wife owned jointly a small farm, consisting of forty-five acres, situated in Scott county. They were also the joint owners of several lots situated in the town of Gate City.

In addition to the real estate situated in Scott county, they were the owners of a farm situated in the county of Russell. This latter farm they sold and conveyed to one H. C. Gibson for the consideration of $4,100, ·evidenced by four notes for the sum of $1,025 each.

I. P. Kane, one of the appellees, became by purchase from Wood and wife the owner of note number 3. After the assignment of this note, Mattie M. Wood ·departed this life, leaving surviving her four children, viz., Maynard, Robert, Douglas and Maggie Wood.

In February, 1921, default having been made in the payment of the note, I. P. Kane, proceeding by notice ·of motion, obtained a judgment against H. C. Gibson, Grant D. Wood and Creed Frazier, administrator of Mattie M. Wood, deceased.

At the second June rules, 1922, I. P. Kane, Willard Combs and Stone Lumber Company, creditors, filed a bill to subject the lands of appellants to the payment of their debts. To this bill Grant Wood, Creed Frazier, administrator, and the four infant children of Mattie M. Wood, deceased, were made defendants.

The cause, on the 31st day of July, 1922, was heard on the bill of complaint and the answer of the infant ·defendants by Judge S. H. Bond, their guardian *ad litem.* No answer denying the allegations of the bill having been filed by the adult defendants, the court entered a proper decree directing L. P. Fraley, a commissioner in chancery, to take an account of liens and

also to ascertain whether or not the lands sought to be subjected would, within a period of five years, rent for a sum sufficient to pay off the liens against it. Upon the coming in of this report, the court entered a decree directing a sale of the lands owned by appellants. This decree was duly executed by S. W. Coleman, who was appointed a special commissioner for the purpose.

Upon the coming in of the report of sale the appellants excepted to the same, and by permission of court filed a formal answer, attacking the validity of the I. P. Kane judgment on the ground that the process or copy of the notice of motion against Creed Frazier, sheriff, and as such administrator of the estate of Mattie Wood, deceased, was served by C. W. Dougherty, deputy sheriff for Creed Frazier. It was also alleged in the answer that the process in the instant suit was likewise served.

Upon a final hearing on the issues raised by the answer, the court decided in favor of the validity of the I. P. Kane judgment and confirmed the report of sale.

The assignments of error are as follows:

(a) "The court erred in not setting aside the judgment at law of I. P. Kane against Grant D. Wood and others.

(b) "The court erred in not quashing the return of the officer and the process in the chancery cause of *I. P. Kane, et als.* v. *Grant D. Wood, et als.*

(c) "The court erred in overruling the exceptions to the commissioner's report in this cause."

The assignments of error will be discussed in their order.

(a) Under this assignment the contention is made that the judgment at law is void for want of proper notice to the defendants. One of the grounds upon which this contention rests is "that the notice of

motion could not have been legally directed to Creed Frazier, sheriff, because Creed Frazier, sheriff, was administrator of Mattie M. Wood, deceased, and he, therefore, was interested in this action as defendant and it was improper for him to act or serve * * notice * * on himself, and service by his deputy was service by himself."

Section 2817 of the Code provides: "And when for any cause it is unfit for a sheriff or sergeant to serve any process * * such process may be directed to and served by a coroner of the county or city."

By section 6055 of the Code it is provided that "process from any court, whether original, mesne or final, may be directed to the sheriff * * of any county * * ."

[1] It is an elementary principle of law that where a judgment is void on its face it may be declared void by a court of competent jurisdiction, either in a proceeding directly attacking its validity or in a collateral proceeding. If the judgment is not void on its face, it can only be attacked by a direct proceeding and not collaterally. *Wimbish* v. *Breeden*, 77 Va. 324; *Hill* v. *Woodward*, 78 Va. 765; *Ferguson* v. *Teel*, 82 Va. 690.

[2] The issue raised by the answer is a collateral proceeding, so we must look to the judgment to ascertain if it be void on its face.

[3] Section 2817, *supra*, relied on by appellants, is not applicable to the instant case. Even if it be conceded that the sheriff and the administrator are one and the same, this section applies only to the service of process. A process emanates from a court, and under the provisions of section 6055 is usually directed to the sheriff of the county, while a notice which takes the place of the writ and declaration is directed to the defendants named therein and has its emanation in

the act of the plaintiff in sending it forth, and may be served by a layman.

That the trial court had jurisdiction over the subject matter is conceded. That it acquired, by service of the notice, jurisdiction over H. C. Gibson and Grant D. Wood must be presumed, by reason of the rendition of the judgment against them.

[4] When a judgment is entered by a court of competent jurisdiction, every presumption of law is in favor of its validity. It is stated in the petition to rehear that the judgment was entered by default, and there is filed as an exhibit what purports to be the record in the law case. The order directing judgment and the judgment itself, however, are omitted from this exhibit. In this state of the record the presumption is in favor of regularity and a general appearance. *Hill* v. *Wood, supra.*

Without calling to our aid the legal presumption in favor of the validity of the judgment, we are of the opinion that the service of the notice is valid.

[5] It is, we believe, a universal custom, in every case where the estate of a decedent has been committed to the sheriff, and the sheriff, as such administrator, is made a defendant in an action at law, to serve process in the manner in which the notice was served in the case at bar. Such service of process is in effect an acknowledgment by the sheriff of service.

[6] The sheriff is not an "unfit person" to serve the process in the sense that he is personally interested in the litigation. It is his legal duty to see that the estate is properly protected, provided the estate is solvent, but he is not required to expend his own money in order to do this, for the reason that he has no personal interest in the outcome of the litigation. No question as to the right of I. P. Kane to recover on the note was raised by either Wood or Gibson. This fact is significant.

In *Turnbull* v. *Thompson*, 27 Gratt. (68 Va.) 309, Judge Staples, in construing the statute relied on by the appellants, said:

"The second objection is that the process was served on the defendant by his deputy, the defendant himself being then sheriff of the county. This objection doubtless is founded upon the 20th section, chapter 49, Code of 1860, which declares that 'when for any cause it is unfit for a sheriff or sergeant to serve any process, such process shall be directed to and served by a coroner of the county or corporation.'

"One of the objects of this statute was, of course, to prevent the execution of process by officers interested in the subject matter of the suit, and the plaintiff might well object that the defendant is not a proper person to execute the process. But if the plaintiff is willing that the process shall go into the hands of the defendant, and the defendant is willing to receive it and accept service, the latter cannot afterwards be heard to make any objection on the ground of irregularity. And so if the defendant's deputy receive the process and serve it upon the principal, and the latter does not make the objection *in limine*, he should not be permitted afterwards to say that his deputy had done an illegal act."

[7] As the administrator cannot now complain of the service of the notice, it follows, as a matter of course, that the children of Mattie Wood cannot complain. They were not parties to the action, nor could they have been made parties. If the administrator has been derelict in the performance of his duty, the remedy of the distributees is against him on his bond. However, no question is made that the administrator did not perform his duty, nor do we think, under the

facts as disclosed by the record, such a question could be raised.

[8] The validity of the judgment is also attacked on the ground that the record does not show that the notice of motion was returned to the clerk's office within five days after service, as required by section 6046 of the Code.

The record does show that the notice was executed on the 16th day of February, 1921, on each of the defendants named therein. The following endorsement appears on the back of the notice: "1921 Feb. 16.... P. A. Richmond, D. C."

There is no merit in this contention. At the time the judgment was obtained the section relied on did not provide that the notice, when returned to the clerk's office, "should be forthwith filed and the date noted thereon." This provision appears for the first time in the Acts of 1922, p. 763.

If the question had been raised at the calling of the case for trial, it would have been competent to prove the date of the return by witnesses. *Duncan* v. *Carson*, 127 Va. 306, 103 S. E. 665, 105 S. E. 62. Inasmuch as the question was not raised, the presumption is that everything done relative to the rendition of the judgment was done legally.

In *Va. Hot Springs Co.* v. *Shreek*, 131 Va. 583, 109 S. E. 596, referring to this requirement of the statute, Judge Burks said: "The date of service does not appear from the record, but no objection was made on this account, and we assume that it was within the five days required by the statute."

[9] (b) Under this assignment complaint is made that the court erred in not quashing the process in the chancery suit, because it was served by the deputy of the sheriff who was the administrator, and a party to the litigation.

This contention has been disposed of in the discussion of the first assignment of error, *supra*, as far as service of process on the administrator is concerned. As to the service of process on the other defendants, we think it was properly served.

The infant defendants appeared by guardian *ad litem* and not only answered the bill of complaint, but upon the petition the case was reopened, heard, and decided upon the merits.

[10] As a matter of fact, the administrator, though properly a nominal party, was not a necessary party to the litigation. The bill alleged that there were no funds in the hands of the administrator belonging to the estate of his decedent. This allegation was not denied. The proof conclusively shows that the allegation was true.

As the administrator has no interest in, or control over, the real estate of his decedent, the action of the court is without error.

[11] (c) We are of the opinion there is no merit in this assignment. The report of the commissioner is sufficiently clear to show that the judgment is a lien on the real estate sought to be subjected, and that there is no personal estate out of which the debt can be made.

The decree of the circuit court is affirmed.

*Affirmed.*