# Richmond.

## R. H. Elliott v. United Realty Corporation.

### December 17, 1925.

1. Continuances—*Hearing of Motion to Quash Notice and Proceedings in Ejectment—Action for Unlawful Detainer Pending—Discretion of Court—Case at Bar.*—In the instant case, an action of ejectment, defendant appeared specially and moved to quash the notice and proceedings, stating that there was pending a proceedings in unlawful detainer before another court, between the same parties, concerning possession of the same property in which a verdict had been returned in favor of defendant, and in which a motion for a new trial by plaintiff was pending. Defendant desired that the hearing of the motion to quash should be postponed, so that he might ascertain whether the verdict in unlawful detainer would stand.

   *Held:* That there was no reason why the appellate court should overrule the discretion of the trial court in refusing the continuance. The mere pendency of the unlawful detainer proceedings relating altogether to the possession of the real estate, and not to the title, did not and could not affect in any way the adjudication of the court upon the motion made by defendant to quash the notice and proceedings in the ejectment case.

2. Ejectment—*Notice of Intention to File Declaration—Section 5461 of the Code of 1919—Notice not an Official Writ.*—The notice of intention to file a declaration in ejectment (Code of 1919, section 5461) is not an official writ issued out of the clerk's office in the name of the Commonwealth, such as a subpoena or regular summons to commence a suit; the notice is directed to the defendant and not to the officer. There is no case pending until the notice and the declaration with the return of service have been filed in the clerk's office.

3. Ejectment—*Notice and Declaration—Attestation.*—Where the clerk of a court attested the copy of the declaration and notice in ejectment which was served upon the defendant, the attestation was mere surplusage, and was unnecessary because there was no record of the case and would be none under section 5461 of the Code of 1919 until the sergeant had made his return. The notice did not issue from the clerk's office. Until it was returned by the sergeant there was no official paper or record in the clerk's office which he could effectually attest; and his attestation before that time was not an official act.

4. EJECTMENT—*Notice Appended to the Declaration—Original Notice—Alteration—Motion to Quash Proceedings—Case at Bar.*—In the instant case, an action of ejectment, the notice served on defendant in compliance with section 5461 of the Code of 1919, stated that the declaration would be filed "on the second rules to be held by the said court on the *second* Monday in October." It had been originally intended to make it returnable to the first October rules, and the figures in the typewritten notice had been altered in ink. The original notice appended to the declaration, bearing the return of the officer, in which, likewise, the two figures only were changed in ink, read, "on the second rules to be held by said court on the *third* Monday in October." In fact, the second rules fell on the third Monday in October. Defendant moved to quash the proceedings on the ground that the officer's return on the back of the declaration could not be relied on by the plaintiff under the circumstances and further because the alteration was such as to raise the presumption, if not a conclusion, that the mistake was detected upon attempting to file the paper after service when the rules were to be written up. Defendant alleged that the ink used in the last alteration was similar to that used in the clerk's office, and different from that used by plaintiff's attorney when, as he testified, he changed the original typewriting in his office. Hearing on the motion was had in open court, and the court's conclusion upon all the testimony was that the defendant had not sustained the facts upon which the motion was based, as there had been no alteration in the original paper either after it went into the hands of the officer for service or after it was returned to the clerk's office; and the Supreme Court of Appeals agreed with the finding of the lower court.

5. CONTINUANCES—*Ejectment—Defendant's Refusal to Plead—Case at Bar.*—In the instant case, an action of ejectment, it was assigned as error that the court refused to give defendant a reasonable time to plead after overruling his motion to quash the proceedings, and in forcing an immediate trial without giving a reasonable continuance. The position of the court was that it had before it a case in ejectment upon a writ of inquiry only, without any appearance by defendant who had been duly summoned, the plaintiff being present and insisting upon a trial.

   *Held:* That the court, in its discretion, had the right to refuse to execute the writ of inquiry, but the exercise of its discretion was manifestly not subject to review. Under the existing circumstances, the court might have overlooked the refusal of the defendant to appear and plead, but such action was a matter of grace, not a right.

6. EJECTMENT—*Pleading in Ejectment—Time for Defendant to Consider How he Should Plead.*—The pleading in an action of ejectment is entirely simple. Section 5463 of the Code of 1919 provides that the defendant in such action may demur to the declaration or plead

thereto or do both, "but he shall plead the general issue only." Defendant in ejectment, therefore, needs no time in which to consider how he should plead.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, in an action of ejectment. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Williams, Loyall & Tunstall* and *Cole & Cole,* for the plaintiff in error.

*E. R. F. Wells* and *W. L. Devany, Jr.,* for the defendant in error.

CRUMP, J., delivered the opinion of the court.

This case is before the court upon a writ of error to a judgment in an action of ejectment in which the United Realty Corporation was the plaintiff and R. H. Elliott, the plaintiff in error, was the defendant.

The parties will be here referred to in the positions which they occupied before the trial court.

A declaration with a notice appended to it under the provisions of section 5461 of the Code was returned, with notation of service, and filed at the second October rules in the clerk's office of the trial court. The terms of the Law and Chancery Court of the city of Norfolk are monthly in each month (except October), throwing therefore the second rules in each month on the second Monday instead of the third Monday. The term of court for the month of October, however, was made by the statute to commence on the second Monday in that month. Therefore in the month of October

the second rules fell in regular order on the third Monday. The declaration and notice were regularly filed at the second October rules, 1923, commencing on the third Monday. No appearance for the defendant was entered at rules and the case was placed on the docket of the court upon a writ of enquiry for the ensuing term, to be held on the third Monday in November. When the court met in November the defendant, Elliott, appeared specially and made a motion to quash, which will be hereafter referred to, and the motion was continued for hearing to the 12th of December. On the latter date the parties appeared by their attorneys, evidence was heard by the court on the motion to quash which was overruled; and thereupon the defendant not entering a general appearance, and hence not pleading, the court heard the plaintiff's evidence, neither party demanding a jury, and rendered judgment for the plaintiff, from which a writ of error was allowed to the defendant Elliott.

The petition for the writ of error contains four assignments of error which will be taken up in the order in which they occur.

[1] The first assignment of error is to the refusal of the trial court on December 12th to continue the hearing of defendant's motion to quash until a later date. The bill of exceptions in this respect states that there was pending a proceeding in unlawful detainer before the Corporation Court of Norfolk, between the same parties, concerning possession of the same property, in which a verdict had been returned in favor of the defendant and in which a motion made by the plaintiff for a new trial, originally set for hearing for December 3rd, was not then argued on account of the unavoidable absence of the judge of the corporation court, but had been postponed until December 18th. It appears

that counsel for the defendant, Elliott, desired that the hearing of the motion to quash should be postponed from December 12th until after December 18th, so that he might ascertain whether the verdict in the unlawful detainer case would stand before he would appear and plead in the ejectment suit. We see no reason why this court should overrule the discretion resting in the trial court in the matter of the question of continuing this preliminary motion made upon a special appearance only. The mere pendency of the unlawful detainer proceedings, which related altogether to the possession of the real estate and not to the title, did not and could not affect in any way the adjudication of the court upon the motion made by the defendant to quash the notice and proceedings in the ejectment case. We find no error on the part of the trial court in refusing to continue the hearing on the motion to quash.

The second assignment of error is in the following language:

"2. The court erred in refusing to sustain defendant's motion to quash these proceedings, because the notice attached to the original declaration filed on the third Monday showed on its face a further alteration in a different ink from that used by counsel for the plaintiff in altering the original typewriting in the copy served on the defendant and attested by the deputy clerk as 'a true copy' at the time of service, and the officer's return on the back of the declaration could not be relied on by the plaintiff under the circumstances; and further because the alteration was such as to raise the presumption, if not a conclusion, that the mistake was detected upon attempting to file the paper, after service when the rules were to be written up. The ink used in the last alteration being

similar to that used in the clerk's office and different from that used by plaintiff's attorney when, as he testified, he changed the original typewriting in his office."

The motion to quash mentioned in this assignment was not made in writing but apparently made orally at the bar of the court, and its exact extent and purport is not as clear as it would have been if the motion had been made in writing. The court order of November 19th, which is the first order in the case, recites that the parties appeared by their attorneys and the defendant only appearing for that purpose moved the court "to quash the plaintiff's case." The order of 12th of December reciting the proceedings on that day refers to the motion as being "to quash the notice appended to and filed with the declaration." The petition for a writ of error is in the nature of a pleading and doubtless the defendant has herein properly recited the motion which he made as being one "to quash these proceedings."

This motion arose out of the following circumstances: The copy of the declaration had appended to it a copy of a notice addressed to the defendant, Elliott, the notice as delivered to him being as follows:

"You are hereby notified that the foregoing declaration in ejectment against you will be filed at the clerk's office of the Law and Chancery Court of the city of Norfolk, Virginia, on the 2nd rules to be held by the said court on the 2nd Monday in October, 1923, and damages will also be claimed of you in the sum of $1,000.00.

"W. L. DEVANY, JR., *p. q.*

"A Copy—Teste: JAMES V. TREHY, Clerk.

"By W. L. PRIEUR, JR., D. C."

[2] In explanation of the assignment of error, it should be stated that it appears from the record that one of the attorneys for the plaintiff, who prepared the notice, intended to make it returnable to the 1st October rules, and both the original and copy, as typewritten, read "on the first rules to be held by said court on the 1st Monday in October." On account of some delay, it was determined not to file the declaration until the second October rules, and the attorney intended to change the typewritten notice accordingly. In making the changes, which was done by altering in ink the figures only, the copy served upon the defendant was made to read "on the *2nd* rules to be held by said court on the *2nd* Monday in October." The original appended to the declaration, bearing the return of the officer, and filed at rules, in which likewise the two figures only were changed in ink, read "on the *2nd* rules to be held by said court on the *3rd* Monday in October." The copy of declaration and notice, which was served on October 12th on the defendant, Elliott, in person by the sergeant of Norfolk, was delivered on the following day, October 13th, to the attorney for Mr. Elliott. When the defendant's attorney received the paper he noticed that the second Monday in October had passed, the 12th of the month falling on Friday, and he told the defendant that the paper had not been served on him in time. Mr. Elliott's attorney went to the clerk's office before the docket for the November term was made up in order to see if the original of the declaration and notice were in the clerk's office. He found them there; the rules were taken and the case was put on the docket, as proper return had been made by the sergeant. Finding that the copy served upon the defendant was, in respect to the date on which the second rules was to be held, different from the statement in

that respect in the original returned by the sergeant, the motion, which is the basis of this assignment of error, was made to quash the proceedings. The motion as recited in the assignment of error did not involve an attack upon the return of the sergeant as such, and therefore no question arises as to the Virginia doctrine of the unassailability of an officer's return. The notice on its face and the return by the officer were manifestly valid and not void. As stated in the assignment of error, the complaint made by the motion to quash the proceedings, and the contention on the part of the defendant on the hearing of that motion, was that the original notice at the time service was made corresponded identically with the copy served upon the defendant, and that after the service some one discovered that the original notice made the return day fall upon the second Monday instead of the third Monday and changed the figure 2 to 3 in order to make the notice properly correspond to the date on which the rules commenced. It was further contended by defendant that, though the original notice as typed read "1st Monday" and this was altered to 2nd Monday by changing the figure 1 to 2 and then was further corrected to "3rd Monday," this latter change was first made by writing heavily in black ink a "3" over the top of the "2" without any erasure of the "2;" and that subsequently after the declaration and notice became a record of the court by being filed in the clerk's office, it was further altered by an erasure so as to obliterate the figure "2" altogether, and that the figure "3" was again written but in a different ink, in fact that a record of the court had been tampered with. The defendant insisted that such changes had been made and that the original process itself was thereby rendered void as there had been an unlawful

alteration of it after service and hence the proceeding should be dismissed. These allegations, which we gather from the testimony in the absence of any written grounds for the motion to quash the proceedings, as the reasons for making the motion, constitute averments of facts, and the court in passing upon the motion allowed both sides to adduce oral testimony. It is to be observed that the notice of intention to file a declaration in ejectment is not an official writ issued out of the clerk's office in the name of the Commonwealth, such as a subpoena or regular summons to commence a suit; the notice is directed to the defendant and not to the officer. The distinction between such notices and a formal process issued under section 6055 of the Code has been pointed out in the cases of *Wood* v. *Kane*, 143 Va. 281, 129 S. E. 327 (September, 1925), and *Kain* v. *Ashworth*, 119 Va. 605, 89 S. E. 857. There is no case pending until the notice and the declaration with the return of service have been filed in the clerk's office.

The plaintiff insists in argument here that the notice served on defendant states that the declaration would be filed on the second October rules, that the Monday in the month on which such rules would commence is fixed by law, and the statement in the notice that they would be held on the second Monday was a mere clerical mistake, and could not and did not mislead the defendant. Some support for this argument that the mistake is immaterial is found in the cases of *House* v. *Universal Crusher Corporation*, 115 Va. 558, 79 S. E. 1049, and *Arminius, &c. Co.* v. *White*, 112 Va. 250, 71 S. E. 637. But this contention does not meet the complaint made by the defendant, on which the assignment of error is based. The specific point at issue is whether there was an alteration in the original

notice, on which the sergeant made his return, and which was made a part of the record in the case; the charge being that some one purposely changed the original of the notice, with the design of making it conform more exactly to the date on which the second October rules actually fell. The defendant says in his petition for a writ of error:

"The truth of the officer's return at the time it was made was not questioned, and in fact was relied on by the defendant to show that service was made upon him in person, but at the time of such service the notice attached to the declaration was the same as the 'attested copy' exhibited by him to the court, and that the original was altered, as shown by the correction in a different ink (being that used in the clerk's office) after the officer had made his return to said office and before the docket was made up for the November term."

[3] Some weight is attached by counsel to the fact that the clerk of the court attested the copy of the declaration and notice which was served upon the defendant. This attestation is mere surplusage and was unnecessary, because there was no record of the case and would be none under section 5461 of the Code until the sergeant had made his return. The notice did not issue from the clerk's office. Until it was returned by the sergeant there was no official paper or record in the clerk's office which he could effectually attest; and his attestation before that time was not an official act.

[4] A hearing on the motion was had in open court, and the judge heard the testimony of both attorneys for the plaintiff, the attorney for the defendant, of Mr. Prieur, the deputy who attested the copy, and of another deputy clerk. The witnesses and the court

had before them the original notice and return and the copy served on the defendant. The court's conclusion upon all the testimony was that the defendant had not sustained the facts upon which the motion was based, as there had been no alteration in the original paper either after it went into the hands of the officer for service or after it was returned to the clerk's office. The judge, referring to the original of the notice and declaration, said: "It frequently happens that a paper before being taken to the clerk, counsel will make a change in the typewriting in pen and ink before giving it to the clerk. I can see no erasure here. I do not see where there has been any. I am quite satisfied that this is the paper just as it was handed to the clerk to be filed." With reference to the copy, the judge said: "Now, the other paper evidently was a mistake. Judge Devany, or whoever made it, instead of making that '3rd' made it '2nd.' The clerk taking it for granted it was a copy made the attestation and it went out."

We agree with the findings of the trial court. This court has examined the original declaration and notice and we find no satisfactory indication of an erasure. It is fairly evident that the changes in both papers were made in the clerk's office, when they were taken there by the attorney for the plaintiff, either by the attorney or a deputy clerk, and both papers are now just as they were changed at that time. We apprehend that the learned trial judge would have been alert to discover any fraudulent alteration of the record in a case pending in his court, if there had appeared to him any reasonable ground for such a presumption.

We do not think the trial court committed any error in overruling the motion to quash the proceedings.

Error is further assigned as follows:

[5] "The court erred in refusing to give the defend-

ant a reasonable time to plead after overruling his
motion to quash the proceedings, and in forcing an
immediate trial, without giving a reasonable con-
tinuance."

This assignment is based upon the conclusion of the
bill of exceptions to the ruling of the court denying the
defendant's motion to quash the proceedings, which is
as follows:

"And the foregoing is all the evidence introduced
upon said motion to quash. Thereupon, the court, upon
consideration thereof, overruled the defendant's motion,
and the defendant refusing to plead, the court, on
motion of the plaintiff, by its attorneys, directed the
case to proceed to trial, to which action of the court in
overruling his motion and ordering his case to go to
trial, the defendant, by his attorney, at the time,
excepted."

The court order of December 12th likewise states
that the defendant *refused* to plead. By reason of this
language and other matters certified by the trial court,
the plaintiff, the defendant in error here, insists that
the defendant should be taken to have entered a gen-
eral appearance. But however this may be, and grant-
ing that the position assumed by the defendant, and
insisted upon by him here, that he at no time waived
his special appearance, and he was never before the
court upon a general appearance, is correct, it results
that the court merely executed the writ of enquiry
upon the motion of the plaintiff. It appears that as
soon as the court had stated its decision upon the
motion to quash, the judge announced that the parties
would have to go on with the trial. Whereupon the
attorney for the defendant stated that he excepted to
the ruling of the court; that he would not make a
general appearance; that he was not given an oppor-

tunity to plead; that if he made a general appearance and was forced to trial, he would be in the situation of having neither his client nor a single witness in court. From a statement made from the bench then it appears that the judge understood the case was to be tried that day, and did not know of the motion; and upon a query from the judge to the clerk, the latter replied that a special appearance had been noted, and a motion to quash made. Thereupon the following colloquy occurred between the court and defendant's attorney:

"The court: The motion to quash is overruled. Counsel ask that the case be tried and I am ready to try it.

"Mr. Cole: I am forced to retire and seek such remedy as the law may provide. I am not prepared to go into trial now. I have not prepared any pleadings, and I cannot make a general appearance.

"The court: You must have known that it was not necessary to set a case for trial on a dilatory plea on a jury day.

"Mr. Cole: I do not know what your Honor's practice is as to that. I asked that this case, upon special appearance and motion to quash, go over until the other motion in the corporation court was disposed of. It was set on today over my objection, and being set, could only be tried as the case was developed, which stood on a special appearance and motion to quash.

"The court: I could postpone the case until three o'clock this afternoon.

"Mr. Cole: It would be impossible to get my witnesses here. One of my most important witnesses is a travelling salesman who lives at Ocean View, and may be out of the city. Others are oystermen and fisher-

·men, who could not be reached. It would be as impossible for me to get ready by three o'clock as to fly.

"Mr. Wells: The defendant has no standing in court in the absence of pleadings.

"Mr. Cole retired from the court room."

[6] The court was then placed in this situation—It had before it a case in ejectment upon a writ of enquiry only, without any appearance by the defendant, who had been duly summoned, the plaintiff being present and insisting upon a trial. Could the court refuse to execute the writ of enquiry? It had the right to do so, in its discretion, as it could have acceded to the request of defendant, but the exercise of its discretion would manifestly not be subject of review at the instance of the defendant under the circumstances existing here. It is true that the trial judge might very well have overlooked the refusal of the defendant to appear and plead, in order to avoid any semblance of a denial of justice to the defendant, but such action by the court was a matter of grace and not of right. The pleading in an action of ejectment is entirely simple. Section 5463 of the Code provides that the defendant in such action may demur to the declaration or plead thereto or do both, "but he shall plead the general issue only, which shall be, that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration." The defendant therefore needed no time in which to consider how he should plead. For aught that appears, if the defendant had entered an appearance, put in his plea, and let the case be postponed till three o'clock, as suggested by the court, and had then filed an affidavit to the effect that he had a good defense, whether of lack of title in the plaintiff or title outstanding in a third party or otherwise, and stated his inability to have his witnesses present to sustain his defense

and requested a continuance of the trial to a further day—the court might have granted it. As the record stands there is virtually no refusal of the court to grant a continuance of the trial of the case, which this court can review. This court should be, and is, inclined to disregard technicalities and endeavor to ascertain and pass upon the very right of a party appealing. But this record does not present the right claimed in such a manner as that this court can ascertain whether or not it was erroneously denied to the defendant in the lower court. We are of opinion that the assignment of error is not well founded.

It further appears by a bill of exceptions that on the 13th day of December "came again the parties respectively by their attorneys and the defendant by counsel moved the court to set aside the judgment * * * * upon the grounds that said action of this court in entering final judgment is contrary to the law and the evidence, and because of error on the part of the court in refusing to quash the return of said declaration and in refusing to grant the defendant a continuance as asked for on the 12th day of December, 1923." The refusal of the court to set aside the judgment furnishes the ground for the last assignment of error. The matters embraced in this exception have already been dealt with, and the court need not further consider this assignment.

Upon the whole case we are of opinion to affirm the judgment of the trial court.

*Affirmed.*