## James v. Ashland Finance Company.

(Decided May 16, 1930.)

JOHN M. THEOBOLD for appellant.

WILSON & ROBINSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

On May 1, 1926, the Ashland Finance Company obtained a judgment against Arthur James et al., and on September 24, 1926, said James began this action under section 518 of the Civil Code of Practice to enjoin the enforcement of that judgment and to obtain a new trial of the original action. His petition was dismissed on November 14, 1927, and on October 31, 1929, he filed a transcript of the record here and was granted an appeal by the clerk of this court. The original action was filed February 26, 1926, process for all six of the defendants

was issued to Boyd county, Carter county, and Rowan county.

On March 27, 1926, process was served in Boyd county on three of the defendants, on March 17, 1926, process was served in Rowan county on another, and on April 3, 1926, the process was mailed in with the following indorsement thereon from Carter county:

"Executed by delivering true copy of the within summons to Arthur James and J. B. Rice.
"April 3, 1926.
"Arthur James, SCC."

The Arthur James for whom that process issued is the same man as the Arthur James who was then sheriff of Carter county, and the contention made in this suit for a new trial is that Arthur James could not serve a process upon himself, and that hence the court had no jurisdiction of him, and that judgment against him is void.

This is a rather novel question, but in Turnbull v. Thompson, 27 Grat. 306, it was held in Virginia that a service of process made by a deputy sheriff upon the sheriff was good, and section 20, chapter 49 of 1860 Code of that state is practically the same as section 667 of our Civil Code of Practice. Also, in Wood v. Kane et al., 143 Va. 281, 129 S. E. 327, it was held, where process had been served upon the sheriff by his deputy, that the service was valid.

The Finance Company did not know that the Arthur James who was surety on this note was the sheriff of Carter county. It sent the process to the sheriff of Carter county, and with it sent a check for $1.20 to pay for the service thereof. Mr. James indorsed and collected the check and sent back the process with the return thereon copied above.

Where a sheriff receives a summons in an action against himself pending in another county, directed to the sheriff of the county in which he and a number of other persons of the same name reside, accepts the same for service, makes his formal return thereon showing service on the person named in the summons as defendant, transmits the summons with the return thereon to the office of the clerk of the circuit court whence it issued where it is placed with the papers in the case, retains and appropriates to his own use the legal fees which

accompanied the summons, permits the court and the parties to proceed to judgment in the case upon the faith thereof, without disclosing his identity as that of the defendant in the action, without making any objecton for four or five months thereafter, he is estopped to then say/ that the service was insufficient, but the sufficiency or insufficiency of such a service is a question not now determined.

The other things of which he is complaining are too devoid of merit to warrant discussion.

When the judgment appealed from was entered on November 19, 1927, James was granted an appeal by the Boyd circuit court, and he superseded the judgment, but never prosecuted that appeal. The Finance Company has filed in this court copies thereof, and moved to dismiss the appeal granted by the Boyd circuit court, which has been consolidated with this appeal and passed to the merits.

That motion, being now considered, is sustained and the appeal granted by the Boyd circuit court is dismissed with damages.

Judgment affirmed.