### SCHUTT, Plaintiff-Appellee, v. BLANKENSHIP et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4548: Decided January 8, 1951.

E. S. Morton, Columbus, for plaintiff-appellee.

Arthur L. Spielmann, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is a motion submitted by the plaintiff-appellee seeking an order dismissing the appeal for the reason that the notice of appeal was not filed within the time required by §12223-7 GC.

The record discloses that the motion for new trial was overruled on November 9, 1950, and that the notice of appeal was filed on November 30, 1950. It will be noted that this is more than twenty days after the overruling of the motion for a new trial. The appellants have submitted an affidavit in which it is stated that on November 29, 1950, at 5:00 P. M. two letters were mailed, one to the Municipal Court and one to the Court of Appeals, containing the appeal notice. It will be noted that these letters were mailed on the 20th day. The question presented is whether or not this meets the statutory requirement. Sec. 11297-1 GC provides for the service of writs and processes by mail, but this section has no application to notices of appeal. Statutes providing for service of process have been held not to apply to service of notice. Wood v. Kane, 129 S. E. 327, 143 Va. 281. In the absence of a statute providing otherwise notice is not given until it is received by the one to be notified. Regan v. Atlantic Refining Co., 23 N. E. (2d) 869, 304 Mass. 353; 66 C. J. S. 659, Par. 18c.

In 39 Amer. Jur. 250, Sec. 28, it is said:

"Where a contract requires notice, but does not specify the manner in which the notice is to be given, mere mailing of the notice is not sufficient unless it is received, in the absence of express provisions in the contract to the contrary, and if the notice is mailed in proper time, but is not received until after the time fixed for giving notice, it is ineffective."

We therefore hold that the statutory notice was not filed within the required time and the motion will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.