ELDER, Judge,
concurring.
I concur in Part I of the opinion and join in the judgment affirming appellant’s convictions. However, I do not join in Part II of the opinion because I disagree with the breadth of the majority’s reasoning. I would hold that the evidence was sufficient to sustain appellant’s conviction for illegal underage possession of alcohol because (1) appellant admitted possessing beer in Lee County earlier in the day before his accident, and (2) Trooper Flannary observed that appellant’s eyes were bloodshot and detected the odor of alcohol while in appellant’s presence. Where the accused has fully confessed the crime, as in this case, only slight corroborative evidence is necessary *593 to establish the corpus delicti. Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985). The officer’s observations regarding appellant’s appearance provided the necessary corroboration.
“Cases are to be decided on the narrowest legal grounds available.” Korioth v. Briscoe, 523 F.2d 1271, 1275 (5th Cir.1975); 21 C.J.S. Courts § 136(a) (1990). Because appellant’s conviction can be affirmed based upon his admission and the corroborating evidence, we need not consider the issue of whether the positive test of an accused’s breath or blood for alcohol is sufficient evidence to prove possession of a substance found in the breath or blood. It is unnecessary for an appellate court “to pass upon [a] question raised [that is] immaterial to the proper disposition of [a] case.” House v. Universal Crusher Corp., 115 Va. 558, 559, 79 S.E. 1049, 1050 (1913); Bradshaw v. Booth, 129 Va. 19, 34, 35, 105 S.E. 555, 560 (1921) (when the exclusion of evidence is sustained on one ground, it is unnecessary to consider others, including issues of first impression).