**STATE ex GORE v BACHMAN et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2505. Decided June 5, 1935

W. S. Lyman, Columbus, for relator.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Robert J. Odell and Eugene Carlin, Asst. Prosecuting Attorneys, Columbus, for respondents.

## OPINION

By BODEY, J.

It is the claim of the relator that this action may be maintained by reason of the holding of this court in the case of **State ex Morgan v Stevenson, 39 Oh Ap, 355 (10 Abs 278; 10 Abs 616)**. Counsel for the respondent in support of their demurrer rely upon the case of **Martin v Bircher, 46 Oh Ap, 239, (15 Abs 115)**, being a case decided by the Appellate court of the Fifth District.

It will be noted from an examination of the first paragraph of this petition that no facts are set forth therein concerning the terms or conditions of the contract of purchase except the amount of the consideration. No other reference to the contents of the contract appears in the petition. The pleader, however, attempts to incorporate the contract in his petition and make it a part thereof as appears from the language of the last sentence in the paragraph above quoted.

An examination of §§11333, **GC, and 11334, GC,** readily discloses that this contract is not one of those instruments described in these sections. Briefly, it is provided in the former section that if an action is founded on an account or on a written instrument as evidence of indebtedness a copy thereof must be attached to the pleading.

**Sec 11334, GC,** supra, is to the effect that when an action is founded upon an account or upon an instrument for the unconditional payment of money only it shall be sufficient for the pleader to set forth a copy of

that account or that instrument. The contract of purchase of real estate which is attached to the petition in the instant case is not an account or a written instrument evidencing indebtedness as described in §11333, GC, nor is it an account or an instrument for the unconditional payment of money only as set out in the following section.

The question which confronts this court then is the following: Can the court on general demurrer to this petition look to the contract which is attached to and made a part of that petition, bearing in mind that the contract is not such an instrument as may be attached under our Code of Civil Procedure?

If the court can not look to the contract for its terms, then the petition must stand or fall upon the averments concerning that contract which are contained therein. As has already been stated, the petition contains no averments concerning the forfeiture clause or the right to the present possession of the real estate described in this contract. This right to immediate possession of the real estate is the foundation of the forcible entry and detainer proceedings pending in the court of the respondent.

The following statement of the law which is found in **Volume 31, Ohio Jurisprudence, page 650**, under the title of "Pleading," apparently states the general rule.

"Sec. 95.—EFFECT TO AID PETITION—It is well settled, provided, of course, the instrument attached to the petition is not such an instrument as is authorized by §11334 GC, to be made a part of the petition, and is not made a part of it in terms, that copies of written instruments attached to and filed with a petition, as required by §11333 GC, form no part of the pleading, and can not be resorted to in giving construction to it, or in aiding it when attacked by demurrer or motion; nor, on the other hand, can it be looked at to modify or defeat the effect of such averments. The sufficiency of the pleading must be determined by its own allegations, unaided by the exhibit. It is only in a suit upon an instrument for the unconditional payment of money only, that the court may look at the instrument itself in passing upon the sufficiency of the cause of action alleged in the petition."

The foot notes to this statement of law sustain the view that the court may not look to an instrument which is attached to a pleading, although it is made a part thereof, when passing upon a demurrer, unless that instrument is one of those referred to in either §11333 or §11334, GC.

The same general statement is contained in Volume 1, Kinkead's Code Pleading, Second Edition at page 135. This author says:

"The rule may be safely stated that a copy of an instrument as evidence of indebtedness which is not for the unconditional payment of money only, which may be attached to a petition under the provisions of §5085 (§11333, GC) cannot be considered in any sense as part thereof, and that the allegation frequently adopted, 'that a copy is hereto attached and made a part hereof,' does not and cannot make such an exhibit part of a petition, and when so attached does not dispense with any of the allegations necessary to be made to constitute a cause of action. The sufficiency of a petition founded upon any instrument not falling within either §5085 (11333, GC) or §5086 (11334, GC) or those falling under §5085 (11333, GC), and not under §5086 (11334, GC), must be determined by its face, and not by any accompanying exhibit, as it forms no part of the pleading and can not be considered in determining its sufficiency upon demurrer."

In the case of **Gwynne v Jones et, 5 C.C.,** 298, this court speaking through Judge Shauck says:

"The demurrer admits the allegations of fact that are found in the petition, however vague, redundant or informal they may be. But it does not admit the truth of averments that are not made even though there be improperly attached copies of documents whose evidential effect would be to sustain such averments if they had been made."

It is the view of the court that it can not look to the contract in this case for the statement of facts which would be incorporated in the petition. So far as an examination of this petition discloses, the action which is sought to be prohibited is simply an ordinary forcible entry and detainer proceeding. It will be conceded that a justice of the peace has jurisdiction of forcible entry and detention generally. Therefore the action which the relator seeks to prohibit is one, insofar as the allegations of this petition are concerned, in which the respondent, justice of the peace, does have jurisdiction. Since the justice of the peace does have jurisdiction, he should not be prohibited from exercising the same by an order of this court. It is

the opinion of the court that the demurrer to the petition is well taken and that the same should be sustained. The temporary writ of prohibition heretofore issued is dissolved.

The costs are taxed against the relator. Exceptions are saved.

BARNES, PJ, and HORNBECK, J, concur.