## HOLLEY v BRADLEY

Ohio Appeals, 2nd Dist, Franklin Co

No 2740. Decided Feb 20, 1937

B. F. Hughes, Columbus, for appellants.
E. C. Fickell, Columbus, for Appellee, Frank E. Bradley.

Donald S. Hoskins, Columbus, for appelles, S. E. Gard and U. B. Converse.

## OPINION

HORNBECK, J.

This is an appeal on questions of law from a judgment of the trial court for the appellees, dismissing the third amended petition of plaintiffs-appellants after sustaining a demurrer to the petition.

The plaintiffs instituted their action for malicious prosecution against the defendants, seeking damages. Defendant Bradley instituted his action in forcible entry and detainer against the plaintiffs in the court of the defendant, S. E. Gard, Justice of the Peace. It appears from the third amended petition that the defendant Bradley, in the Bill of Particulars in the Justice Court, set forth the usual averments in proceedings in forcible entry and detainer and predicated the right to recovery of possession of the premises claimed to be wrongfully withheld from the plaintiffs by the defendants upon a clause in a land purchase contract between the parties in the Justice Court, which provided in part that if the Holleys were in default in the payment of installments on the purchase money for a period of thirty days after the same became due the seller "may re-enter and re-possess the premises sold", and that after a breach of the contract as to the payments the purchasers shall become tenants at will of the premises at the option of the seller and shall vacate the premises without legal proceedings, etc.

It may also be determined from the petition that according to the terms of the purchase agreement the plaintiffs Holleys were in arrears in the payments of the installments required by them to be made under the terms of the agreement.

The petition averred that Mr. Bradley filed the action in entry and detention wilfully, maliciously, unlawfully and without probable cause. It appears that after the defendants in the Justice Court had been duly summoned and a date fixed for trial, on that date the plaintiff did not appear, though the defendants were present protesting judgment against them. Notwithstanding the absence of the plaintiff, the Justice of the Peace made finding and entered judgment for the plaintiff and against the defendants, issued a writ to the constable, U. B. Converse, who proceeded to remove the household goods of the defendants from the premises. It is urged that the Justice had no jurisdiction to enter the judgment against the defendants in his court and that the constable had no authority or right to eject the plaintiffs from the premises and further, that the action by them so taken was done wilfully and maliciously.

Upon the face of the petition it appears that the preliminary notice to vacate the premises had been given to the Holleys. The irregularities appearing from the petition are that the defendant Justice of the Peace entered the judgment for Bradley when he did not appear at the time fixed for trial and found disputed facts for Bradley without any evidence to support them.

Judge Leach of the Common Pleas Court sustained a general demurrer to the third amended petition. Demurrers had likewise been sustained to the former petitions

by Judges King and Randall. We are, of course, only concerned in this proceeding with the correctness of the judgment following the sustaining of the demurrer to the third amended petition.

Counsel for appellants assigns five grounds of error, which we shall consider in their entirety. In so doing it should be stated that there is but one claimed error which it is necessary to pass upon to determine the appeal, namely, the third ground.

We consider the questions as presented in the brief of appellant: First: The Court erred in holding that "All that was said by Judge Randall in his opinion of October 23, 1934, is applicable on this demurrer". It is immaterial whether or not all that Judge Randall said in his opinion was applicable. The only test that can be applied to the sustaining of the final demurrer is whether or not the court was correct in the conclusion reached.

Second: The Court erred in holding that "The action herein in the nature of a collateral attack on the judgment of the Justice Court."

Fourth: The Court erred in holding that "Allegations in this suit that the justice was without jurisdiction is not sufficient. That fact can not be determined in this suit."

Fifth: The Court erred in holding that "Error proceedings should have been instituted. We think that the third amended petition is not sufficient in effect from the earlier petitions."

The same test must be applied to these assigned errors as applicable to the first.

Third: . The Court erred in holding that "Before there can be maintained an action for malicious prosecution the action on which it is based must be terminated in favor of the plaintiff in the malicious prosecution action." This determination was germane and decisive of the right of the plaintiffs to maintain their action in malicious prosecution.

The cases in Ohio without exception support the conclusion of the judges who passed on the demurrers, namely, that in an action for malicious prosecution it is essential to the right of the plaintiff to recover that he plead and prove that the prosecution out of which his cause of action arose was terminated in his favor. The rule is well stated in 25 O. Jur., page 881:

"It is a well recognized rule that the termination of the former suit must be in favor of the plaintiff in the action for malicious prosecution, leading * * * to a judgment in his favor in a civil proceeding. This rule is equally applicable, whether a groundless and malicious criminal prosecution or a civil suit, such as an acion for forcible entry and ·detainer, constitutes the cause of action."

The reason for the rule is plain. How could a party be heard to say that an action had been prosecuted without probable cause and maliciously against him, when at the time in that action there was a judgment against him unreversed and unmodified?

In the instant case the proceedings in the Justice Court terminated in a judgment in favor of Bradley and against the Holleys.

Counsel for appellant urges several propositions of law in his brief and probably did likewise in the Common Pleas Court, thus bringing about the expressions of the judges of that court as to the law on the matters presented.

The case of **Sharp v Liddle, 3 O.D. (Re.) 64,** is cited:

"First syllabus: It is error in a justice of peace to proceed to trial of a case of the plaintiff when he does not appear to prosecute it at the time set for trial. And neglect to appear is an abandonment of the action by the plaintiff, and the justice can only render a judgment of nonsuit or dismissal."

It will be noted that at the very inception of the syllabus the improper action of the Justice of the Peace in the situation there appearing is defined as error. This presupposes that the court had jurisdiction to enter a judgment, but in so doing improperly acted.

It is averred in the third amended petition that the Justice Court was without jurisdiction to enter the action for forcible entry and detainer because it was predicated upon a land contract. It may be said to have been based upon a contract to purchase real estate· but there was no equitable question presented as was found in **State, ex rel. Morgan, et al v Stevenson, Justice of Peace, 39 Oh Ap 335, (10 Abs 278; 10 Abs 616),** wherein this court held that the Justice of the Peace had no jurisdiction of forcible entry and detainer action by a vendor against defaulting purchaser under contract **not providing** for vendor's re-possession upon purchas-

er's default, title to real estate being involved."

Two distinctions may be made between the cited case and our case. Here title to real estate, was not necessarily involved, only the right to possession. Further, the purchase agreement under ▮▮▮▮ ▮ which the parties here operated had an express clause under which Bradley had the right to reposses the premises sold. This makes an entirely different situation, as we have heretofore held. **State, ex rel v Miller, Judge, 43 Oh Ap 173; (12 Abs 459); Felger v Thompson, 27 Oh Ap 310; (6 Abs 403);** see also **State ex rel v Doyle, 41 Oh Ap 569; (11 Abs 365); Martin v Bircher, 46 Oh Ap 239; (15 Abs 115).**

The general jurisdiction of a justice of the Peace in forcible entry and detainer is well recognized and no court has undertaken to question it, merely because a land contract was involved, unless the Justice of the Peace in determining whether or not judgment should be entered for or against either party was required to exercise equitable jurisdiction and determine equitable questions.

Sub-heading 6 of §10232 GC, provides that:

"Justices shall not have cognizance in actions in which the title to real estate is sought to be reversed, or may be drawn in question, except in the cases provided for in the next preceding section."

The next preceding section includes §10224 GC, which expressly confers jurisdiction on Justice of the Peace "to try the action of forcible entry and detention, or the detention only, of real property * * *."

The cases of **Green v Woodland Avenue** and **W. S. Street & Ry Co, 62 Oh St 67,** and **Union Savings Bank v Western Union Telegraph Co. 79 Oh St 89,** are without application because they both relate to cases wherein the courts had no jurisdiction to enter the judgments there under consideration. The same may be said of **Murdock v Saum, 5 Oh Ap 250; Ellison v Foster, 19 O.D. 849; Bowers v Pomeroy, 21 Oh St 184; Smith v Hoover, 39 Oh St 249.**

We are cited to **Pope v Pollock, 46 Oh St 367,** and the syllabus thereof:

"An action may be maintained for maliciously and without probable cause insti-

tuting and prosecuting an acion in forcible entry and detainer."

This, of course, is but a statement of a general proposition, which is sound. It is necessary to consider the facts out of which the pronouncement arose. So doing, it appears that Pollock instituted her acion in forcible entry and detainer against Pope for the recovery of possession of certain premises, which it was claimed the plaintiff wrongfully withheld from her; that in this suit the verdict was for Pope. Therefore, a second action like unto the first was institued with like result. The question before the court was whether or not these facts, coupled with the averments that the actions of the prosecution were maliciously instituted and carried on without proper cause were good against general demurrer and particularly where it did not appear that the parties suing had not been deprived of the possession, use or enjoyment of property. The cited case did not consider the right of a party to maintain the action of malicious prosecution upon a suit in which judgment had been rendered against him, nor could it have been raised because it clearly appeared that the actions of forcible entry and detainer had resulted in favor of the plaintiff, Pope.

The averments of the petitions standing alone disclose action on the part of the defendants which wrongfully and grievously affected the plaintiffs to their disadvantage and no doubt damaged them. Whether or not these claims could be substantiated if the cause ever came to trial is another question. It is not sufficient, however, that plaintiffs have been grievously mistreated. They have chosen their form of action, namely, malicious prosecution. To maintain it they must plead and prove the essentials of such an action. The one barrier which the plaintiffs can not overcome is the requisite that the action in forcible entry and detainer before the Justice of the Peace should terminate favorably to them.

Parenthetically we might say that we are in accord, as was Judge Leach, with the propositions announced by the judges who passed on the various demurrers, although they discussed, as have we, many propositions which are not at all controlling of the narrow question presented on the demurrers.

No error appears in sustaining the demurrer to the third amended petition and

judgment was properly entered against the plaintiffs-appellants.

The judgment will be affirmed.

BARNES, PJ and GEIGER, J, concur.