**McGRIFF v HAYS et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1550.   Decided May 17, 1939

D. H. Wysong, Dayton, for plaintiffs-appellees.

Allaman, Funkhouser & Murr, Dayton, for defendants-appellants.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendants' appeal from a judgment of the Court of Common Pleas of Montgomery County, Ohio.

Plaintiffs, through their petition filed in the Court of Common Pleas, sought an injunction against the defendants restraining them from proceeding any further in an action of forcible entry and detainer previously filed before defendant C. M. Hays, Justice of the Peace of Jackson Township, Montgomery County, Ohio, by Charles Peters against the plaintiffs. The petition sought to raise the question that the McGriffs in the action before the Justice of the Peace had equitable defenses, and for that reason were claiming that the Justice of the Peace did not have jurisdiction to hear and determine the forcible entry and detention action.

One paragraph of the petition apparently seeks to raise the question that the Justice of the Peace did not have jurisdiction in the forcibly entry and detention case because title of real estate was involved.

Defendant Charles Peters filed an

answer, in which, among other things, he avers that he is the owner in fee simple of the legal title to the real estate involved.

Further answering he says that on May 1, 1937, he entered into a written contract of sale with the McGriffs for said premises, by the terms of which the latter agreed to pay the sum of $2500.00, with interest at 6% from date, said sum to be paid as follows: $25.00 at the time of the execution of the contract, and $25.00 per month on the first day of each and every month thereafter.

As a further consideraton the Mc-Griffs agreed to pay all taxes and assessments which were assessed on the real estate, and all those that should be assessed thereon before the execution of the deed, the grantor, Peters, agreeing to execute and deliver deed to the McGriffs when the sum of $2500.00 was reduced to $1500.00.

It is further averred in the answer that the land contract contained the following stipulation:

"FOURTH: That if any of said payments, either principal or interest, to be made by said second party, be not paid when due, or if said second party shall, in any other manner, break this agreement, then this contract shall be forfeited on the part of the said second party, and the said first party may retain in their hands the payment or payments then made, the possession of improvements placed on said premises, as the stipulated damages for the nonfulfillment of this contract, and the said first party, their heirs and assigns, shall be entitled to the possession of the premises aforesaid, and all of the improvements thereon, and the said second party, covenants and agrees that they and all persons holding under them, shall and will surrender possession thereof, with the improvements, to the said first party, their heirs and assigns."

It is further averred in the answer that the McGriffs failed to pay the installment due in February 1938, and the installments due in April, May, June

and September of 1938, and further failed to pay the taxes due in December, 1937, and those due and payable in June, 1938.

The answer contained the further averment that on the 19th day of September, 1938, service of summons was made upon the McGriffs by the constable of the court of C. M. Hays, Justice of the Peace of Jackson Township, Montgomery County, Ohio; and that thereafter a hearing was held before the said C. M. Hays and a judgment was rendered against the McGriffs in favor of the defendants for restitution of the property.

The plaintiffs, McGriffs, failed to file any reply and thereby all the new matter averred in the answer must be accepted as true.

Under this situation the defendants were entitled to judgment on the pleadings, but, unfortunately, no request was made for such judgment. The case went to trial before a judge of the Court of Common Pleas of Montgomery County, Ohio, and evidence was taken comprising some 100 pages of typewritten matter. We think we are safe in saying that had there been an effort to confine the case to the real issue involved, not more than five pages of testimony would be required, even should we indulge the presumption that the case was tried on the theory that a reply had been filed in the nature of a general denial.

On the questions of fact pertinent to the issues raised in the pleadings, there is no dispute. The averments of the answer are not denied through the evidence and for that reason the judgment of the trial court must be reversed and final judgment entered for the defendants.

The Court of Appeals of this district has decided the identical question on at least three previous occasions. The trial court in his written opinion makes no reference to these cases. They may not have been cited, but if cited the trial court must have refused to follow them.

The first case to which we refer is that of **Felger et v Thompson, 27 Oh Ap 310.** In the cited case the claim

was made that the Municipal Court of Columbus, Ohio, had no jurisdiction in a forcible entry and detainer action; that the Municipal Court was limited to such jurisdiction as might be exercised by a Justice of the Peace in a case of this nature. The statute of Ohio specifically provides that both municipal courts and justices' courts have jurisdiction in forcible entry and detention of real property.

Neither municipal courts nor justices' courts have jurisdiction in which the title to real estate is sought to be recovered or may be drawn in question.

According to the statement of facts, Thompson was in possession of the real estate described under a land contract, which land contract, among other things, contained a provision in reference to forfeiture for non-payment of installments as provided in such contract. It was agreed that Felger had defaulted in his payments: that he was excusing his defaults for the claimed reason that the premises were defective in certain respects and that Thompson had failed to correct such defects, after being requested so to do. It was determined by the court, Judge Kunkle rendering the opinion, that the Municipal Court had jurisdiction, and its judgment enforcing the forfeiture clause and restoring possession to the owner of the fee would be sustained.

We next call attention to the case of State ex Kennelly, et v Miller, Judge, et. This was an original action for a writ of prohibition questioning the jurisdiction of the Municipal Court to hear and try a forcible entry and detainer suit under a land contract, which land contract contained a forfeiture clause. Judge Hornbeck delivered the opinion, concurred in by Allread, PJ. and Kunkle, J. The first syllabus reads as follows:

"1. Columbus municipal court held to have jurisdiction of vendor's forcible detainer action against defaulting purchaser, where contract provided for vendor's repossession, without notice, on purchaser's default."

This case refers to and quotes with approval the case of Felger v Thompson, 27 Oh Ap, supra.

The case of State ex Morgan v Stevenson, Justice of the Peace. 39 Oh. Ap 335, is referred to and distinguishing points mentioned as follows:

"In that case (Morgan v Stevenson) the court held that a justice of the peace had no jurisdiction in a forcible detainer action by vendor against the defaulting purchaser, under contract not providing for vendor's repossession: upon purchaser's default."

The opinion in 39 Oh Ap 335, was by Levine, J., sitting by designation in the Second Appellate District. The opinion was concurred in by Allread, PJ., and Hornberk, J.

Another case in point is that of Holley v Bradley, 24 Abs 132. The opinion in this case was released February 20, 1937. The opinion was by Hornbeck, J., concurred in by Barnes, PJ., and Geiger, J. The second syllabus reads as follows:

"2. A justice of the peace has jurisdiction in an action in forcible entry and detainer against a defaulting purchaser under a contract providing for repossession by the vendor upon default by the purchaser where right to possession, and no equitable question, is the only question necessarily involved."

From the cases above cited it will be noted that where the land contract contains a forfeiture clause for non-payment, and default non-payment is shown, an action in forcible entry and detainer will lie.

In a case where the land contract does not contain a forfeiture clause, then a justice of the peace would not have jurisdiction in a forcible entry and detainer action.

In the instant case, defendants' answer refers to the contract and purports to quote the forfeiture clause as contained therein. The bill of exceptions contains the contract, Plaintiff's Exhibit A, and by reference thereto we find that

it contains the forfeiture clause, just as set out in the answer.

Another case in point, decided by the Court of Appeals of Ashland County, is that of **Lozier v Sears, 26 O. L. R. 48.** The first syllabus reads as follows:

"1. Forfeiture of rights under a land contract with surrender of the premises to the owner is available to him for failure to comply with the provisions as to payments therein contained, where such failure is undisputed or can be shown and right of forfeiture is reserved in the contract."

This cited case is to be distinguished in that the original action was not instituted before a Justice of the Peace; but notwithstanding, the case is interesting from principles pertaining to our case.

It is argued by counsel for appellants that his clients had equities in the premises, due to the fact that they had made improvements in the premises in a substantial amount. This issue is fully answered in the case of **Norpac Realty Company v Schnackne, 107 Oh St 425.** In the cited case, as in the case at bar, the land contracts provided that in the event of default the vendor should retain all payments and possess all improvements as a stipulated damage, for non-fulfillment of the contract. It was held by the Supreme Court that if such amounts paid, together with the value of the improvements, would constitute a penalty, even then they would not be grounds for restraining delivery of the possession to the vendor.

Under such a situation. a vendee can not retain possession after default, upon the ground that he has made extensive improvements upon the premises. As stated in 107 Oh St, supra, he must not make such extensive improvements unless he is in position to keep up his installment payments. If he has rights of recoupment, it must be in another form of action.

We might call attention to the fact that in the instant case plaintiffs refer to equitable rights, but nothing specific is set out. Under this general averment no remedy could be accorded under any form of action.

As heretofore stated, the judgment of the trial court will be reversed, and having arrived at this conclusion under the undisputed evidence, we proceed to enter the judgment that should have been entered in the court below.

We enter final judgment for defendants and dismiss plaintiffs' petition. Costs will be adjudged against the plaintiffs, and the cause remanded for recovery of such costs.

HORNBECK, PJ, & GEIGER, J, concur.

## APPLICATION FOR REHEARING

Decided June 12, 1939

BY THE COURT:

The above entitled cause is now being determined on plaintiffs-appellees' application for rehearing. Two specifications are set out in the application as follows:

(1) The court failed to take into consideration that the McGriffs made an honest effort to comply with said contract; that they made a tender of all payments due on November 30, 1938.

(2) The court failed to take into consideration the law as stated in the **Craft case, 51 Oh St, Syl. 1 and 2.**

We have re-examined our original opinion in connection with this case and find that every issue has been fully and definitely determined and in addition have cited authorities in support of our findings.

The application for rehearing presents no new question. Hence same will be overruled.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.