**HUDDLESTON, et, Plaintiffs, v. WARD, Defendant.**

Municipal Court, Dayton, Ohio.    (Civil Division).

Case No. 82139.  Filed  September  10,  1946.

G. W. Byttner, Dayton, for Plaintiff.
H. M. Eikenbary, Dayton, for defendant.

**OPINION**

By McBRIDE, J. ·

This action is one in forcible entry and detainer, instituted by Ray Huddleston on June 18, 1946, in the Municipal Court of the City of Dayton, Ohio.  In the Statement of Claim, plaintiff alleges that E. Vernon Ward, the defendant, has unlawfully and forcibly detained possession of a storeroom used for commercial purposes at 1616 East Fifth Street, Dayton, Ohio.

The second cause of action sets forth a claim for Twenty-Five ($25.00) Dollars for rent for the period from May 15, 1946 to June 15, 1946.

This case was regularly assigned for trial on the 2nd day of July, 1946, and at that time the evidence revealed that a notice to leave the premises was delivered to the defendant on June 5, which notice required the defendant to surrender possession on or before June 15, 1946.  At that time, it developed from the testimony, the defendant, E. Vernon Ward, claimed possession by virtue of an unrecorded two-year lease, which instrument was allegedly lost.  Testimony was introduced by the defendant and by one Albert Barnes, the lessor and former owner, substantially proving the existence of such an instrument.  By agreement of counsel, the case was continued for further investigation and to permit an addi-

tional search for the lost instrument. The case was again regularly scheduled for hearing on the 8th day of August, 1946, at which time the written lease was produced and admitted into the record. This instrument is designated as a "rent agreement" and provides for the rental of the premises at 1616 East Fifth Street for Twenty-Five ($25.00) Dollars per month. The agreement, by its terms, is to remain in full force and effect for a period of two years from the 15th day of May 1945. The agreement also provides that "said party of the second part is to possess said storeroom on the 15th day of May, 1945, said payments to be made on the 15th day of each and every month thereafter."

While the agreement does not expressly require the rent to be paid in advance, the testimony shows that the payment for the first month was made in advance and that each succeeding payment was also made in advance. **There is no forfeiture clause in the lease.**

The plaintiff testified that he visited the premises and talked to the defendant on the 22nd day of April, 1946, and again on the 26th day of the same month, when he notified the defendant that he had just made a down payment on a contract to purchase the property. The deed delivered to the plaintiff was recorded in the deed records of Montgomery County, Ohio, on May 10, 1946. The rent for the period commencing May 15, was sent by registered mail and received by the former owner, John C. Cable, on May 14, 1946.

Up to this time the tenant had received no actual notice of the transfer of the title of the real estate to the plaintiff. On May 23, the tenant was advised in writing, by the real estate broker, that title to the property had been transferred on May 11, 1946. The check for the rent due May 15, was made payable to and was received by the former owner. This check was delivered without endorsement to the plaintiff, Ray Huddleston, who thereupon delivered it to an employee of the defendant at the premises on East Fifth Street. A conversation took place in which the plaintiff indicated that he could not cash this check without endorsement and that he desired possession of the property. This conversation took place on the 21st or 22nd of May. The record is not clear as to what subsequently happened to the check in question.

The tenant tendered the rent in advance for the months of June and July. These checks were not received as payment for such rent and have been offered in the within case for use as evidence.

The Court finds that the defendant is occupying the premises described in the Statement of Claim under the written unrecorded lease heretofore described. This action is based upon the failure to pay the rent due May 15, 1946, to the plaintiff who admittedly became the owner of record on May 10, 1946. It will be noted that the written agreement does not require the rents to be paid in advance. Generally, in the absence of such an understanding, rents are not due in advance but at the end of each period. **Parks v Dunn,** 46 Abs 6; Pike & Fisher OPA Service, Vol 4 Opins & Dec 5122.

However, the facts in this case indicate that the parties to the lease have conducted themselves according to an oral understanding that the rents be paid monthly in advance.

The next phase of the case involves the application of the doctrine of constructive notice. The defendant was in open possession of the premises before and at the time the plaintiff purchased the premises. Consequently the plaintiff is charged with notice of the equitable rights of the party in possession. 24 **O. Jur.** page 778 et seq. And those rights in this instance are based upon an unrecorded lease which does not expire until May 15, 1947. The lease being for less than three years was not required to be recorded. §8517 **GC.** And since the person claiming thereunder was in actual and open possession, the purchaser was on notice. §8519 **GC.**

It is equally apparent that since the conveyance to the plaintiff was recorded on May 10, 1946, the tenant is also chargeable with constructive notice of the transfer of the title. This is especially true since the plaintiff advised the defendant of his agreement to buy and the tenant could have anticipated that the transaction would be consummated within a reasonable time.

Inasmuch as the lease appears to be a valid and effective one, we are confronted with the question as to whether the Court has jurisdiction in this action in forcible entry and detainer since the statement of claim seeks a forfeiture of a written lease and the agreement in question contains no provision authorizing re-entry by the landlord.

While the question involved is not a new one in Ohio, we find no recorded decision of this court and accordingly we have reviewed the applicable decisions on this jurisdictional question.

Since the statutes creating the Municipal Court of Dayton grant the right to cancel certain contracts as well as the jurisdiction in forcible entry and detainer, it would at first appear that jurisdiction has been extended to this and

similar Courts to hear and determine evictions in which contracts and leases are involved. A review of the authorities on land contracts will be helpful and furnish the rule which has been equally followed where leases are involved.

"There is a division of opinion in Ohio upon the question whether forcible entry and detainer lies against a vendee in possession under a contract of purchase. The Court of Appeals for Franklin County has taken the position that the Municipal Court has jurisdiction in a forcible entry and detainer suit brought by the vendor of real property against the vendee in possession, who has defaulted, where the contract contains an express provision for forfeiture. On the contrary, a Common Pleas Court has held that the Municipal Court of Toledo is without jurisdiction in such a case." **29 O. Jur. page 24**

In Burrow v Miller, 24 O N P. (N S) 152, decided in 1922 by the Court of Common Pleas of Lucas County, the land contract contained the usual provisions for forfeiture on default and surrender of possession. The Court held that:

"The Municipal Court of Toledo is without jurisdiction in an action in forcible entry and detainer brought against one in possession of real property under a contract for the purchase thereof."

The Court of Common Pleas assumed that a justice of the peace had no jurisdiction in such a case and then reasoned that the jurisdiction of the Municipal Court was not enlarged by **Sec. 1579-286**. The Court cited **Crafts v Prior, 51 Oh St 21**, which did not relate to eviction, since that action sought to recover a balance due on the purchase of a farm. The case of Cowen v McGoron, 12 O C C (N S) 431 is also relied upon by the Court, and the syllabus reads as follows:

"In an action in forcible entry and detainer before a justice of the peace, it is competent for the defendant to offer in evidence a contract of purchase for the purpose of showing the nature of his possession.

"A showing of possession under a contract of purchase is a complete defense to an action in forcible detainer; and for

failure to perform some of the conditions of the contract the plaintiff must have resort to a suit in ejectment."

There can be no disagreement with the first syllabus, however, the decision does not reveal whether or not there was a forfeiture clause in the contract, a point on which many courts of appeals have distinguished the case and generally allowed jurisdiction. It is sufficient for us to say that the Burrow v Miller case, supra, is not generally followed in Ohio.

The law is well settled that a vendee who enters into possession of real estate under a land contract becomes the equitable owner of the property as long as the land contract remains uncanceled and in force. **State v Stevenson, 39 Oh Ap 335.** Such a contract is a competent and complete defense in an eviction action as long as the contract remains in force. In the absence of a forfeiture clause granting the vendor the right of possession on default, the justice of the peace has no jurisdiction.

"Courts of equity have exclusive power to determine equitable interests arising by reason of land contract.

"Land contract remains in force after purchaser's default until court of competent jurisdiction orders its cancellation.

"Justice of peace had no jurisdiction of forcible entry and detainer action by vendor against defaulting purchaser **under contract not providing for vendor's repossession upon purchaser's default, title to real estate being involved.**" **State v Stevenson, 39 Oh Ap 335.**

In **State v Miller, 43 Oh Ap 176**, the Court said of the Stevenson case:

"A careful analysis of the opinion in the above case discloses that it did not appear that the land contract under consideration had a clause providing for repossesion by the vendor upon default of the purchaser. Thus it would have become necessary for the Court to consider and pass upon the equitable rights of the parties to the land contract before it could determine the right of the vendor to repossession. We hold that the justice of the peace, having no such chancery powers, had no jurisdiction to proceed, and that the writ of prohibition could be invoked."

In **McGriff v Hays, 29 Abs 534**, the Court of Appeals of

Montgomery County referred to State v Stevenson, 39 Oh Ap 335 and pointed out that in the Stevenson case the justice had no jurisdiction under the contract because it did not provide for vendor's repossesion upon purchaser's default. The McGriff case originated in the court of the justice of the peace of Harrison Township and held that the action in forcible entry and detainer could be maintained even though the contract provided that the vendor retain all payments and possess all improvements as stipulated damages. Such an action could not have been maintained "where the contract contains no forfeiture clause."

A long line of Ohio authorities sustain the jurisdiction of the Municipal Court as well as the justice of the peace where the contract contains a forfeiture clause upon default and grants the vendor the right of present possession.

State ex rel Kennelly v Miller, 43 Oh Ap 173

McGriff v Hays, 29 Abs 534

Felger v Thompson, 27 Oh Ap 310

Hughes v Kline, 16 N P (N S) 493

Martin v Bircher, 46 Oh Ap 239.

State v Bachman, 19 Abs 428

Holley v Bradley, 24 Abs 132

Poulos v Toledo Labor Bldg Co, 22 Oh Ap 426.

The syllabus in Martin v Bircher, 46 Oh Ap 239 is misleading:

"Justices of the peace and Municipal Court of Canton have jurisdiction in forcible entry and detainer cases, notwithstanding they involve question of title to real estate."

The facts reveal that the plaintiff brought an action in forcible entry and detainer on a land contract containing a forfeiture clause to the effect that upon default on the part of the vendee in making payments as stipulated in the contract of sale, the vendee, without notice, could treat the contract as forfeited and be entitled to possession of the premises. On page 241, the Court says:

"The legal question therefore presented is whether justices of the peace have jurisdiction of the subject matter in a suit under a land contract containing a forfeiture clause * * *"

Thus the case goes no further than many other decisions which we have referred to and it also broadly indi-

cates that title to real estate is involved to some extent in every forcible entry and detainer case.

Briefly, this right to immediate possession of the real estate is the foundation of the forcible entry and detainer proceedings and if such right is provided for in the contract in event of default in the required payments, then the justice of the peace or the Municipal Court has jurisdiction to hear and determine the case. If such right is not provided for in the contract, such courts have no jurisdiction.

A similar rule has been accepted in Ohio with respect to leases, though the same equitable considerations are not usually present in leases involving the grant of more limited interests in real estate.

Where the defendant in an action of forcible entry and detainer is holding possession of the property under a written lease, the Municipal Court (Cincinnati) is without jurisdiction unless the lease contains provisions for its forfeiture and for a re-entry and recovery of the premises in the event of a failure to pay the rentals under the lease. Fields v Ingalls Bldg Co, 31 N P (N S) 149.

The case of Petsch v Mowry, 1 Cincinnati Superior Court Reports 36, appears to hold that a justice of the peace has jurisdiction in a proceeding in forcible entry and detainer where the tenant holds possession under a lease. However, that case involved an application for an injunction against the decision of the justice of the peace and the decision went off on the ground that the tenant did not avail himself of any of the statutory provisions of proceeding in error. "But," said the Court, "failing to do so, we cannot help him by reviewing as in error." And again on page 39, the Court said, "* * * the judgment (of the justice), however erroneous, is not void, but only subject to correction in a proper proceeding." Another distinguishing feature in the Petsch v Mowry case is that the justice found that the tenant's term had ended.

"There is authority that a forfeiture by virtue of a provision therefor in the lease for breach of covenant may be enforced by an action of forcible entry and detainer. Thus, where the lease provides for forfeiture of rent, the action will lie at the instance of a landlord upon non-payment of rent. But there is also some authority that since the lease is subsisting, and the landlord simply has the right to have it

forfeited, he must enter and proceed by ejectment, not by forcible entry and detainer."

**24 O. Jur. 1255.**

In **Weber v Devitt, 6 Abs 653,** there is reported a, decision of the Court of Appeals of Cuyahoga County holding that forcible entry and detainer action, and not ejectment, is the proper remedy against a defaulting tenant under a lease. The facts reveal that the lease provided that rent should be payable in advance and a failure to pay such rent would operate as a forfeiture at the election of the landlord. The Court held that forcible entry and detainer was proper whether the lease be for a term of years or had already expired. The tenant admitted that there was no equitable defense, but relied solely upon a lack of jurisdiction.

In Scott v Wasson, 2 O D Rep 460, the Union County Court of Common Pleas held as far back as 1861 that:

"The right of re-entry by a landlord, constituting a forfeiture for non-payment of rent, can only exist by express agreement.

"The forfeiture is made absolute at law, by demand, at the proper time and place, of the rent due for the last period for which it is payable, without notice to quit or suit brought.

"Equity will, in proper cases, relieve against a forfeiture. At law there is no relief."

This action was based upon an appeal from the judgment of restitution issued by a justice of the peace and the affirmation of the Court of Common Pleas sustained the forfeiture clause in the lease. No question of jurisdiction appears to have been raised.

While there is a statement in Ryan v Kirkpatrick, 7 O D Rep 219 to the effect that "If a lessor desires to forfeit an existing lease, he must do so by entry and action of ejectment, not by forcible entry and detainer," this case is complicated by other issues and is not well enough in point to prevent jurisdiction where a forfeiture clause exists for non-payment.

**Jaeger v Goldzwig, 30 OO 142,** decided by the Court of Appeals of Franklin County, held that the Municipal Court of Columbus has the jurisdictional power to determine a lease terminated. In this case the issue was whether a written lease could be terminated by parole agreement. The Court held that it could and that the Municipal Court had the

jurisdiction to determine the question and grant restitution in forcible entry and detainer. Again the sole question was the right of immediate possession.

Where the tenant's two-year lease was to extend **no longer than ten days after a default in rent**, the jurisdiction of the justice of the peace in forcible entry and detainer was sustained by the Superior Court of Cincinnati even though there was no general clause for forfeiture or express right of re-entry. Brennen v Cist, 9 O Dec 18 (1898).

**In Kent v Kent, 12 OO 226**, the Municipal Court of Cleveland sustained its jurisdiction in an action in forcible entry and detainer to determine whether or not there is a valid and binding lease and to allow evidence to determine whether past performance has taken an oral lease out of the statute of frauds. In that case, the Court said (page 227):

"It is the opinion of this Court that the Municipal Court of Cleveland has jurisdiction to determine whether or not there is a valid and binding lease. If there is such a lease, validly executed and in force and containing no forfeiture clause, then, the Court without surrendering its jurisdiction, must find the defedant not guilty and remit the plaintiff to a court with general chancery powers to cancel the lease and thus obtain possession of the premises.

"Similarly the Court is of the opinion that if the lease or the lease contract contains a forfeiture clause, and the Court finds that there has been a forfeiture by virtue of violation of the terms of the lease, then the Court has jurisdiction to give possession of the premises to the plaintiff."

The foregoing statement determines the jurisdiction of the Municipal Court upon the existence of a forfeiture clause granting the right of possession upon default in payment. This, we believe, is the law of Ohio, whether the action be based upon a land contract or upon a lease, as is the case at bar.

In his brief, counsel for the plaintiff calls our attention to **Martin v Bircher, 46 Oh Ap 239** and **Trustees v Tuttle, 30 Oh St 62** as authority for the statement that justices of the peace may hear and determine all questions necessary to render final judgment. We have already indicated that the syllabus in Martin v Bircher is misleading, and to sustain our interpretation we have just recently received the decision of the Court of Appeals of Montgomery County in the case of Lynam v Schueler, No 1891, decided May 22, 1946, and as

yet unreported. That decision sustains the decision of the Municipal Court of Dayton that it has no jurisdiction in forcible entry and detainer where one party claims under a deed and the other under a will, as revealed by another action pending in the Court of Common Pleas. In this case, our Court of Appeals states:

"We have found one case, **Martin v. Bircher, 46 Oh Ap 239,** which expressly holds that the Municipal Court of the City of Canton, having the same jurisdiction as is granted to justices of the peace, has jurisdiction to inquire into unlawful and forcible entries notwithstanding they involve the question of title to real estate. This decision arrests our attention. The rationale of the decision is that the limitation of **paragraph 6** of §10232 GC does not have application to the jurisdiction of the justice of the peace in forcible detainer cases because of the express jurisdiction conferred upon the justice in such cases under §10447 GC.

"We prefer to read all of the sections relative to the judisdiction of the justice of the peace in pari materia."

And later the Court states:

"The law as announced in the third and fourth propositions of the syllabus in Martin v Bircher and as pronounced in the opinion of Judge Lemert is broader than the narrow issue presented required. As a matter of fact, the issue may have been decided upon the strength of the adjudication of this Court in **State ex rel Kennelly v Miller, 43 Oh Ap 173.** However, there is no doubt that upon the broad view which the Court took of the jurisdiction of justices of the peace in forcible detainer cases, it reached the only possible conclusion."

The case of **Trustees of Burton Township v Tuttle, 30 Oh St 62** (65) appears to hold that the limitation upon the jurisdiction of justices where title is involved, may be removed by the legislature in granting other general and special jurisdiction. In the Burton case, the jurisdictional question arose under a trespass action and we believe the Court rightfully held that the justice could determine the rights of the parties to use the property, just as in an eviction the Court may determine the right to possession. We

do not believe that this case enlarges the jurisdiction of a justice in an eviction action.

Attorney for the plaintiff also refers us to §1579-54 GC as enlarging the jurisdiction of this Court in this case, however, we cannot agree with this contention in the present action for the reason that the section only applies after jurisdiction exists and further because the Common Pleas Court has no original jurisdiction in forcible entry and detainer. Consequently, the "further jurisdiction" is clearly inapplicable. **Dayton Morris Plan Bank v Graham, 47 Oh Ap 310.**

From this review of the authorities we come to the conclusion that this Court has no jurisdiction in the within action for the reason that the lease in question contains no clause of forfeiture and grants no right of re-entry or repossession upon default in any monthly payment.

An entry may be prepared accordingly.