SWIERS, Jr., et, Plaintiffs, v. SMITH et, Defendants.

Oberlin Municipal Court, Lorain County.

No. 10. Decided February 21, 1958.

Stanley P. Zuris, Oberlin, for plaintiff.
Grover L. Severs, Oberlin, for defendant.

## OPINION

By GOLDTHORPE, J.

This is an action in forcible entry and detention filed in the Oberlin Municipal Court of Lorain County, Ohio, in which Albert Swiers, Jr., and Thelma L. Swiers are Plaintiffs and Richard M. Smith and Betty M. Smith are Defendants.

On the first day of November, 1955, the parties to this action entered into a land contract for the sale of certain lands located in Henrietta Township, Lorain County, Ohio by Plaintiffs to Defendants for the sum of $12,000.00 with a down payment of $1300.00 and the balance to be paid in regular, consecutive monthly installments.

The contract contains a forfeiture clause in the event Defendants default in the performance of any of the conditions of the land contract

The petition alleges that the Defendants failed to pay the last three installments of the purchase money due prior to the filing of this action.

The petition further alleges that a demand was made, a forfeiture exists and that subsequently a three-day written notice was served on the Defendants for their vacation of the premises. The Defendants having failed to vacate, this action was then filed and service had upon Defendants.

Defendants demur to the petition on two grounds, namely; (1) That the Court has no jurisdiction of the subject matter of the action, and (2) That the petition does not state facts which show a cause of action against Defendants.

There are two points involved in the question of jurisdiction of this Court. The first being the monetary limitation on jurisdiction. It is true that each party has an equity in the property involved which exceeds the $2,000.00 limitation imposed upon this Court by statute.

However, there is no prayer in the petition for any monies other than the Court costs involved in this action.

The second point concerning jurisdiction has to do with the filing of forcible entry and detention cases in a Municipal Court. Since Justice of the Peace Courts have been eliminated in Ohio and Lorain County has no County Judges, the Oberlin Municipal Court has the only original jurisdiction in forcible entry and detention cases arising within its jurisdiction. The Common Pleas Court has no such original jurisdiction. (24 O. Jur. 2d, Page 486.)

The second issue raised by the demurrer points out that Plaintiffs have a choice of remedies. They may either (1) declare the entire amount due and institute a foreclosure action to recover the equitable title to the property and thus possession, or (2) to declare the contract void and to proceed to secure possession of the property leaving the equitable title still undisposed of.

According to the petition, Plaintiffs have clearly elected to pursue the second course, leaving the matter of equitable title to be determined in a subsequent action in the Common Pleas Court. Secs. 1923.03 and 1901.18 (A) and (H) R. C., make specific provision for such procedure.

There have been many Opinions reported on the matter of whether or not an action in forcible entry and detention is a proper remedy for repossession of real property where a land contract or lease is in issue. Most of these are analyzed in 46 Abs 225, Huddleston v. Ward.

The crux of the matter in the view of this Court is contained in the final paragraph of this Opinion which reads as follows:

"From this review of the authorities, we come to the conclusion that this Court has no jurisdiction in the within action for the reason that the lease in question contains no clause of forfeiture and grants no right of reentry or repossession upon default in any monthly payment."

The first paragraph of the syllabus in 29 Abs 534 sheds further light on the apparent majority Opinion in this State;

"An action in forcible entry and detainer will lie in a Justice of the Peace Court where a land contract contains a forfeiture clause for nonpayment, and default by nonpayment is shown, but not where the contract contains no forfeiture clause."

The Court wishes to express its appreciation to both counsel involved for their assistance in resolving these issues. Due to the changes in judicial administration in Ohio, the jurisdictional question is certainly important.

There being a forfeiture clause in the contract involved in this matter, the demurrer is overruled in both branches and the Clerk is instructed to set the matter down for hearing.