**GALLAGHER, Plaintiff, v. BILLMAIER et, Defendants.**

Sixth District County Court, Lucas County.

No. 33.   Decided July 14, 1958.

Weber & Haulund, Toledo, Alvin N. Haulund and James W. Proctor, of Counsel, for plaintiff.

Francis X. Pilliod, Maumee, for defendants.

## OPINION

By GREEN, J.

On the 19th day of May, 1958, the plaintiff herein filed her Bill of Particulars before the Sixth District County Court of Lucas County

stating two causes of action. The first cause of action asked for restitution of Lots Number 1 and No. 19 in CARLL'S SECOND SUBDIVISION in the CITY of MAUMEE, LUCAS COUNTY, OHIO, together with the vacated alley between said lots. The statement of the first cause of action was couched in terms of the statute. The second cause of action prayed for judgment in the amount of Three Hundred Dollars ($300.00) as rent for the above premises for the months of December, 1957; January, February and March of 1958.

The defendants filed a "Bill of Particulars and a Demurrer" to plaintiff's Bill which alleged that they had obtained possession pursuant to a written purchase agreement; that the issue before the Court would require the determination of equitable rights and interests which divested this Court of jurisdiction. The contract of purchase was submitted with defendants' pleading.

The defendants' demurrer was overruled and the cause heard at the beginning of which, throughout, and upon conclusion the attorney for the defendants contested the right of this Court to entertain jurisdiction.

At the hearing of the cause the following facts were adduced:

Some time prior to the 1st of November, 1957, the defendants and Mr. Otto Rectenwald, a real estate agent engaged by the plaintiff to sell the premises located at 705 Sachett Street, Maumee, Ohio, began negotiations for the sale and purchase of the property located at the last mentioned address. Several purchase agreements were prepared by Mr. Rectenwald but rejected by defendants' attorney. Evidence indicated that one of these agreements stipulated that closing would be held on or before the 30th day of November, 1957. Thereafter the defendants' attorney prepared the following purchase agreement:

### "PURCHASE AGREEMENT

Leonard A. Billmaier and Nancy J. Billmaier, husband and wife, hereby agree to purchase the premises hereinafter described subject to the conditions hereinafter set forth:

### The Premises

The premises at 705 Sackett Street, Maumee, Ohio. Said premises consists of a residence and the lot on which same is located. A survey of said premises has been submitted to this purchaser. Said survey was prepared by the G. M. Barton Survey Company, Survey No. 847-52. In said survey the premises are shown as Lot No. 1. Carll's Second Addition in City of Maumee, Lucas County, Ohio and in said survey the rear of the residence is shown as being 8.63 feet from the northwesterly line of said Lot 1, and the front of the residence as being 8.85 feet from the northwesterly line of said Lot 1.

### Conditions

The owner shall furnish a survey of said premises, which survey shall tie in with the monuments of the original recorded plat of said Carll's Second Addition which is recorded in Volume 11, Page 3, Lucas County, Ohio Records of plats; and in said survey any discrepancies from said original plat must be explained and justified.

If discrepancies appear in the survey which cannot be explained and

justified, but the certificate of title and the survey nevertheless show that the premises are the property of the owner herein, then the owner shall convey by proper deed the property on which the residence is situated, that is, the legal description of the property conveyed shall include Lot No. 1 together with other property on which the residence is situated and adjacent thereto.

### Price

The purchase price of said property is Ten Thousand ($10,000.00) Dollars, payable Two Hundred ($200.00) Dollars in cash, balance to be paid as follows: Additional $2800.00 cash at date of closing; purchaser to give seller first mortgage for balance of $7000.00 to be paid in payments of $70.00 or more per month, payments to apply first to interest and the balance to apply to principal; interest six (6%) percent.

### Other Conditions

Any delinquent taxes and assessments to be paid by seller and the next tax payment due at date of closing to be pro-rated.

Warranty deed is to be furnished, together with certificate of title to date showing said property free from all material defects.

Any water meter, screens, shades, storm doors and windows, or any other permanent fixtures including shubbery on lot are to remain on the premises without additional charge.

### Possession

Possession of the premises shall be given to the purchaser on or before December 1, 1957.

When this agreement is accepted and signed by both the sellers and the purchasers, it will constitute a definite agreement for the purchase and sale of said premises.

SELLER (Owner):                    PURCHASER:
Leona N. Gallagher                 Leonard A. Billmaier
                                   Nancy Billmaier
Nov. 14, 1957                      Nove. 12, 1957"
This Agreement was executed according to law.

All parties agreed that at the date of the execution of the agreement they fully intended and expected the deal to be closed prior to defendants' occupancy.

On or about the 30th day of November, 1957, when the former tenants vacated the premises, the defendants procured a key to the premises from sources other than the plaintiff or her agent. It is acknowledged that Mrs. Gallagher, the plaintiff herein, did not consent to the possession of the premises by the defendants. However, the defendants testified that although at first Mr. Rectenwald would not give his consent to their taking possession on the grounds that the plaintiff's attorney as well as the plaintiff was very much opposed to such a move, he later told the defendants that he had things arranged and they could move in. Mr. Rectenwald, on the other hand, vigorously denied making such statements or commitments on behalf of the plaintiff and further stated that his contract with the plaintiff was only for the purpose of selling the property and did not extend to the management thereof giving him authority to allow the defendants to enter the premises.

Once confronted with the fact of defendants' possession, all parties concerned attempted to effect a closing of the sale which at the time of the filing of this action was not consummated. Plaintiff therefore filed this action in forcible entry and detainer asking for possession of the said premises.

Legal counsel for the parties at the hearing of this cause were in general agreement that this cause was not brought upon a contract involving real estate nor was there any contention that the legal title in said premises resided in persons other than the plaintiff. Defendants did, however, at all stages of the proceedings argue that equitable rights and interest must necessarily be involved thereby divesting this Court of any jurisdiction over the subject matter herein.

We find the authorities in complete accord with the principles of law advanced by defendants' counsel. The County Courts are creatures of statute and have only such powers as are vested to them by the legislature, and they are, as were the Justice of Peace Courts, which jurisdiction they absorbed, completely devoid of equitable jurisdiction.

Though the Supreme Court has never ruled upon the question, numerous opinions of other courts have confronted the issue of the jurisdiction of inferior courts in restitution actions where the question of possession must necessarily be determined by reference to the rights and interest of the parties arising by virtue of an executory contract involving real estate. These authorities unanimously have held that a purchaser entering into possession of real estate under a purchase agreement, land contract, or lease becomes the equitable owner so long as that contract remains in force; consequently sufficient evidence of possession under such an instrument not providing for the vendor's repossession upon the default of the vendee is a complete defense to an action in forcible entry and detainer instituted in the county court, and the court must enter a judgment for the defendant and remit the plaintiff to a court of general chancery powers to cancel or reform such instrument or pray for specific performance. Cowan v. McGowan, 12 OCR (N. S.) 431 (Contract of Purchases); State, ex rel. Morgan et al. v. Stevenson, 390 App. 335 (Land Contract); **Kent v. Kent (Mun. Ct.), 12 O. O. 226 (Oral Lease), 27 Abs 254; Huddleson et al. v. Ward (Mun. Ct.), 33 O. O. 489 (Lease), 46 Abs 225.**

As has been suggested above, the courts have made a sharp distinction where the agreement in question contains a specific forfeiture clause granting the right of the vendor, upon the purchasers default, to declare the contract null and void and re-enter the premises. Such agreements carry with them the instrument of their own abolishment and where the vendor chooses to exercise his option the equities of the parties are summarily extinguished. The only responsibility of the court in such an instance is to determine first whether such a forfeiture clause exists and secondly whether one or more of the conditions in the agreement has been breached by the defendant.

As to land contracts and purchase agreements, see: Hughes v. Kline, (C. P.) 16 ONP (N. S.) 493 (Oral Contract); Felger v. **Thompson, 27 Oh Ap 310;** State, ex rel. Kennelly, et al. v. Miller, 430 App. 173; **Martin v.**

Bircher, 46 Oh Ap 239 (The scope of this decision has been oft-criticized); Maxen v. Brogle (App.), 16 Abs 555; Holley v. Bradley (App.), 24 Abs 132; McGriff v. Hayes (App), 29 Abs 534; State, ex rel. Everson, et al. v. Mun. Ct. of Barberton, et al., 98 Oh Ap 177; 57 O. O. 226. The case of Burrow v. Miller, 24 NP (N. S.) 152, though in contradiction to the above authorities, has been seriously questioned in subsequent cases.

As to lease agreements see: Poulous v. Toledo Labor Bldg., 22 Oh Ap 426; Fields v. Ingalls Bldg. Co., 31 NP (N. S.) 149; Raab v. Guest, 48 Abs 29; Adair v. Crepps, 81 Oh Ap 136; 36 O. O. 446. (Leases in the latter two cases contained clauses permitting an option to purchase in the future.) Smith v. Etling, 96 Oh Ap 417; 54 O. O. 406.

In light of the above principles of law we turn our attention to the problems confronted in the case at bar.

As to the ruling of the Court against defendants' demurrer: In the first instance it should be noted that the pleading filed by the defendants was styled "Bill of Particulars and Demurrer." We assume that it was to constitute a demurrer on the one hand, request for a judgment on the pleadings on the other, and at the same time stand as defendants' answer.

If a demurrer was in fact intended, it would nevertheless not strike at the validity of the complaint. Sec. 1923.05 R. C., merely requires that the complaint describe the premises entered upon and set forth either a lawful or unlawful entry and a forcible detention. The plaintiff's first cause of action reads as follows:

### "FIRST CAUSE OF ACTION

"1. Plaintiff says that on or about the 1st day of December, 1957, defendants unlawfully and forcibly entered, and have ever since unlawfully detained, and now do unlawfully and by force detain, from the possession of plaintiff, the following described premises, to the possession of which plaintiff is entitled:

"Lots Numbers One (1) and Nineteen (19) in CARLL'S SECOND SUBDIVISION in the City of Maumee, Lucas County, Ohio, together with the vacated alley between said lots.

"2. That on the 24th day of April, 1958, plaintiff served a written notice on defendants to leave said premises."

Such a statement of fact complies with the statute, and is sufficient; nor does it state facts which on their face would deprive this court of jurisdiction.

Another and more difficult question, however, is raised by defendants' pleadings. That is, when the defendants, by answer, raise a jurisdictional defense to a complaint, more specifically, when the defense raised is that the defendants assumed possession under an executory contract not containing a forfeiture clause thereby creating equitable rights and interests, must the county court immediately abandon all consideration of the cause?

This question has been somewhat complicated by several earlier cases which opinioned that inasmuch as the justice of peace courts did not have equitable jurisdiction an equitable title could not be availed of defensively unless it was discernible from the averments of the com-

plaint or from the facts shown by the complainant at the trial, nor was proof thereof competent before the justice. Carey v. Richards, 2 Dec. Rep. 630; State, ex rel. v. Paul, 9 Dec. Rep. 226; Schmidt v. Schmidt, 1 N. P. (N. S.) 177, and the cases cited therein. We believe, however, that later cases, though they do not refer to the above opinions, affirm the right of the defendants in a forcible entry and detainer action to offer evidence of an equitable defense. Note the language of the first and second syllabus of Cowan v. McGowan supra:

"1. In an action in forcible detainer before a justice of the peace, it it competent for the defendant to offer in evidence a contract of purchase for the purpose of showing the nature of his possession.

"2. A showing of possession under a contract of purchase is a complete defense to an action in forcible detainer; and for failure to perform some of the conditions of the contract the plaintiff must have resort to a suit in ejectment."

In our opinion the instant question has been satisfactorily reviewed and settled in Ohio. The following excerpt is from the case of **Olds v. Morse, 98 Oh Ap 382; 57 O. O. 419:**

"[387] In our examination of the question of: 'When is the title to real estate drawn in question?' We have examined with interest the following two cases: **Lynam v. Schueler, 79 Oh Ap 101, 33 O. O. 562, 68 N. E. (2d), 114,** and **Warner v. Matthews, 79 Oh Ap 111, 34 O. O. 482, 69 N. E. (2d), 59.** We agree with the pronouncements therein contained, in respect to the legal effect of the statute in question, and we declare, as did the court in those cases, that, if the factual development in the trial of a cause of forcible entry and detainer raises any issue to support a denial of the title in the plaintiff, then the court should refuse to determine the issue of title and dismiss the case for lack of jurisdiction. If, however, in spite of a defendant's denial of title in the plaintiff, the proof discloses no issue of fact respecting title to the property, the question of title is not involved, and the Municipal Court, as would the justice of the peace court, have jurisdiction to determine a cause of the kind here under consideration.

"We adopt for this opinion a statement taken from Warner v. Matthews, supra (at p. 115):

" '* * * It would be a harsh and unjust rule to hold that in a forcible entry and detainer suit or in any action wherein it is incumbent upon plaintiff to plead and prove his title, a defendant may by the mere act of setting up a denial of such an averment deprive the court of its jurisdiction to hear the cause. The test must be whether the factual development affords any support for the issue made on the question of title. If it does, then the statute must be given application.' "

It will be noted that the above cited cases did not involve equitable defenses but rather the drawing in issue of the title to real estate. Nevertheless, it is our belief that the logic of the cited opinion is analogous.

We believe, therefore, that it was incumbent upon this court to permit a full hearing, if necessary, to determine whether or not the defendants did in fact take possession of the premises under an executory contract

not containing a forfeiture clause, and if, upon consideration of all the competent and relevant evidence, it appeared that defendants' contention was true, to render a judgment accordingly, without prejudice; if not, then to proceed to the determination of the respective rights of the parties to possession.

It was argued by the plaintiff, in brief and at the hearing, that the omission of the specific date of closing in the contract left unwritten an essential element of the agreement of the parties and therefore voided the contract as not sufficient to satisfy the statute of frauds. Though we do not feel that the resolution of this argument is necessary to the determination of the cause before us, we observe in passing that under the circumstances it is our understanding that unless a "time is of the essence" clause appears in the contract, the closing date, not otherwise specified, will be construed to be within a reasonable time. If a reasonable time has passed, then recourse must be obtained by cancellation in a court of chancery.

As to the major issue involved in this case, we feel, upon consideration of the facts surrounding the defendants' occupation of the premises in question, that the determination of the respective rights of the parties to possession may be resolved without reference to the contract itself.

It is our belief that the defendants did not take possession under the contract, but rather by entering upon the premises without consent of the plaintiff and with a Key obtained from strangers to this action, have resorted to self help, a remedy which our courts have traditionally frowned upon.

It is true that the contract provides for defendants' possession on a specific date, but the parties fully expected all outstanding issues to be settled prior to that time. Had the plaintiff consented to the defendants' possession, our decision would have been different; however, short of this the defendants' recourse should have been through the legal processes rather than by a surreptitious entry, however void of actual violence. The defendants were well aware that all the conditions of the contract had not been met and that until these matters were settled, it was likely that the vendor would object to their occupancy. The remedy elected by these defendants have placed them in the clothes of a trespasser rather than a vendee.

We therefore hold that the defendants are in possession of the described premises unlawfully and that the plaintiff herein is entitled to possession. We emphasize, however, that we are in no way disturbing or interpreting the rights of the respective parties under the contract. Either party may, upon conclusion of this judgment, petition the proper court for a determination of their rights under this contract.

Plaintiff, in her second cause of action, asks for a judgment in the amount of Three Hundred Dollars ($300.00) in the nature of rent for the first four months of defendants' occupancy. Sufficient evidence was introduced to establish a fair and reasonable rental value of Seventy-five Dollars ($75.00) per month. The defendants, on the other hand, argue that the parties to this action had at no time entered into an

agreement, either oral or written, for the payment of rent during the period in question and further, that the purchase agreement signed by the parties, which does not provide for rent until the closing date, contains the entire agreement of the parties.

The facts stated by the defendants are correct, but we cannot agree that in the absence of an express contract for rent that the plaintiff is precluded from recovering the reasonable value of the use and occupancy of the premises. That a contract may be implied in law is a doctrine firmly established in Ohio. Such a quasi-contract imposes a civil obligation upon one who has received benefits which, if accepted without recompense, will manifest an inequitable burden upon another party. Without the necessity of mutual consent the court will impose an obligation cut from the fabric of justice to prevent an obligor from enjoying benefits which in good conscience he is not entitled to receive or retain. See Rice v. Wheeling Dollar Savings & Trust Co., 155 Oh St 391, 44 O. O. 374; Hughes v. Oberholtzer, 162 Oh St 330, 55 O. O. 199.

We could not imagine a more explicit or appealing example of unjust enrichment than is presented by the circumstances of this case. Had the defendants taken possession pursuant to the above agreement, we would have little hesitancy in holding that they have received increments for which they did not bargain and which they could not, by the wildest stretch of the imagination, have expected at the time of entering into the agreement. An unexpected impossibility of arriving at a satisfactory closing agreement, not the terms of the contract, has resulted in this hollow occupancy. The fact that we have already held, as a matter of fact, that the defendants did not assume possession under the agreement makes our decision clear. We conclude, therefore, that an *ex contractu* agreement establishing a month to month tenancy has arisen entitling the plaintiff to restitution for the value of the use and occupancy of the premises.

The plaintiff has by sufficient evidence established the reasonable rental value of the premises at Seventy-five Dollars ($75.00) per month. It is obvious that she has asked for only four months rent due to the $300.00 monetary limit upon the court's jurisdiction. We do not feel, however, that the authorities will allow the separation of a vested cause of action. Public policy has dictated, and the courts have made it necessary, that the entire obligation due and owing and the date of the filing of an action be prayed for. To allow a vested cause to be split at the convenience of the plaintiff, even to accommodate a jurisdictional requirement, can invite only an unnecessary multiplicity of suits, taking up the time and resources of the courts and defendants. This is particularly true when the action is one based upon rents due. Fox v. Althorp, 40 Oh St 322. It is the opinion of this Court that though a judgment be rendered for the full amount prayed for, it must satisfy the entire amount due at the time of the filing of this action May 19, 1958.

In the absence of an agreement of a contrary intent, rents are not due in advance but at the end of each period, Parks v. Dunn, 46 Abs 6; Huddleson v. Ward, 33 O. O. 489, 46 Abs 225. We conclude, therefore, that a judgment must be rendered for the period ending April 31, 1958.

On the basis of the above conclusions of fact and law, the court renders a judgment for restitution for the plaintiff and against the defendants as prayed for in plaintiff's first cause of action; and, further, orders a judgment for the plaintiff in the amount of Three Hundred Dollars ($300.00) for rent of the described premises for the months of December, 1957 through April, 1958, and for his costs herein expended.